UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 99-10371-RGS

UNITED STATES OF AMERICA

v.

JAMES J. BULGER

MEMORANDUM AND ORDER ON
DEFENDANT'S RENEWED MOTION FOR RECUSAL

October 28 2012

STEARNS, D.J.

Other than the identification of Jeremiah O'Sullivan as the member of the New England Organized Crime Strike Force who allegedly granted the defendant immunity for indictable criminal activity, defendant's renewed motion raises no new issues of material fact or law, and will be <u>DENIED</u> for the same reasons as his earlier motion. Defendant has not connected any action of the Strike Force with regard to defendant to my tenure as a supervisory Assistant U.S. Attorney (AUSA), nor is there one. Nor is the court persuaded by defendant's declaration that he might attempt to summons the undersigned judge as a wiliness. As the court has previously pointed out to counsel, a witness is only properly summoned to testify if he or she has something of relevance to say on a material issue. *See* Mem. and Order, at 8 (July 17, 2012) ("Because at no

time during my service as an AUSA did I participate in or have any knowledge of any case or investigation in which defendant was a subject matter or target, I have nothing of a relevant or material nature to offer with regard to this case or any claim of immunity."). *See also In re United States*, 666 F.2d 690, 695 (1st Cir. 1981) (emphasis added) ("[R]umors, innuendos, and erroneous information" must be disregarded in favor of fact.). "*[O]bjective, knowledgeable* member[s] of the public" can and do comprehend the historical separation of the Strike Force and the U.S. Attorney's Office. *Id.* (emphasis added).

Defendant undoubtedly prefers not to be tried on the schedule set by the court, or not to be tried at all. But like Kevin Weeks, Kevin O'Neil, Stephen Flemmi, and Michael Flemmi, all of whom have appeared as defendants before me in this case, James Bulger's case will be adjudicated by the rules of the court, and not the contrary wishes of defendant or defendant's counsel. When defendant's case was randomly assigned to me in 1999, it became my duty to see it through fairly and expeditiously, and that is the duty I will faithfully execute. *See In re Allied-Signal Inc.*, 891 F.2d 967, 972 (1st Cir. 1989) ("[T]he greater the extent to which the potentially disqualifying circumstance facilitates the just and efficient resolution of a case, the less likely a knowledgeable observer will consider it a sign of judicial partiality.").

ORDER

For the foregoing reasons, the Renewed Motion for Recusal is <u>DENIED</u>. The court will hear argument on defendant's motion to continue the trial date at the hearing scheduled for 3:00 p.m. on Thursday, November 1, 2012.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE