UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) ) ) | |
| v. | ) ) ) | Criminal Action No. 99-10371-DJC |
| **JAMES J. BULGER** | ) ) | |

**MEMORANDUM & ORDER**

**CASPER, J.**                                                                                                         April 29, 2013

## I.    Introduction

Defendant James J. Bulger ("Bulger") has filed a series of motions seeking certain discovery from the government. The Court addresses the first of these motions, D. 846, which seeks the disclosure of the identity of a confidential informant.

## II.   Relevant Factual Background

Bulger has been charged in a 111-page, 48-count indictment charging him with participation in a racketeering conspiracy involving, among other things, murder, extortion and money laundering and separate charges of racketeering, money laundering, extortion and a range of firearms crimes. The span of Bulger's alleged criminal conduct runs close to three decades and involves persons known and unknown to the grand jury. Kevin Weeks has previously pled guilty in this case and is expected to be a witness for the government at trial.

Bulger now seeks the disclosure of the identity of a confidential informant ("CI") upon whom Federal Bureau of Investigation ("F.B.I.") Special Agent John Gamel ("Gamel") relied in part to establish probable cause for the seizure and forfeiture of Bulger's one-sixth share of the 1991 winnings of a "Mass Millions" lottery ticket purchased by Michael Linskey. D. 846-1.

1

Bulger seeks this disclosure arguing that this CI provided information "that directly contradicts the expected testimony of a key government witness, Kevin Weeks" and that without such disclosure, he "will be denied access to this highly exculpatory evidence." D. 846 at 1. Bulger initially sought the disclosure of the identities of the two CIs upon which Gamel relied in his affidavit. D. 846 at 5. Although the government initially denied this request on February 21, 2013, it later disclosed the identity of the other CI because that CI had been previously named as a cooperating witness. D. 846 at 5. The government still declines to identify the remaining CI and Bulger filed the instant motion seeking such disclosure.

### III. Discussion

#### A. Bulger Has Failed to Meet the Heavy Burden of Showing that Disclosure of the Confidential Informant Referenced in the Gamel Affidavit is Warranted Here

Bulger claims that the Court must compel the government to disclose the CI's identity because such information is exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). D. 846 at 6. Specifically, the defendant seeks such disclosure because he contends that the information that the CI provided to Gamel contradicts Weeks' expected testimony, prior testimony and prior public statements, in which he asserted that he and Bulger neither obtained their share of the winning lottery ticket illegally nor paid any money for their interest in the ticket. D. 846 at 4-5 & n. 4. Bulger also contends that although the government sought forfeiture of his portion of the winnings, the government has not sought forfeiture of the share of the winnings obtained by Weeks, another participant in the alleged scheme and now a key government witness. D. 846 at 8. That is, he argues that the disclosure he seeks is necessary both to impeach Weeks with a prior inconsistent statement and to question Weeks' credibility. See Fed. R. Evid. 611(b); Fed. R. Evid. 613(b).

Bulger, however, has a heavy burden for disclosure of a confidential informant, even in this scenario. It is well settled that Roviaro v. United States, 353 U.S. 53 (1957) stands for the "[g]overnment's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Id. at 59. "As Roviaro and its progeny make clear, however, said privilege, though well-established, is by no means absolute." United States v. Martinez, 922 F.2d 914, 920 (1st Cir. 1991). That is, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause, the privilege must give way." Roviaro, 353 U.S. at 60-61; United States v. Salemme, 978 F. Supp. 343, 353 (D. Mass. 1997) (quoting same). There is no fixed rule for disclosure and so the Court must "balance[] the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62 (ruling that there should have been disclosure where the informant was the sole participant other than the accused in the crime charged); see United States v. Robinson, 144 F.3d 104, 106 (1st Cir. 1998).

The balance of such considerations has been deemed to warrant disclosure where "the informant is the only person other than the defendant who has firsthand knowledge of the acts underlying the crime charged [as the "John Doe" in Roviaro did]," where "the informant is the only one able to amplify or contradict the testimony of a government witness[]" "[o]r any other equally compelling scenario." United States v. Mills, 710 F.3d 5, 14 (1st Cir. 2013); Martinez, 922 F.2d at 921 (citing United States v. Bibbey, 735 F.2d 619, 621 (1st Cir. 1984)); see also

United States v. Tzannos, 460 F.3d 128, 140-41 (1st Cir. 2006) (concluding that the defendant's interest in disclosure was "especially weak here, where the informant was not 'the sole participant, other than the accused, in the transaction charged,'…was not 'the only witness in a position to amplify or contradict the testimony of government witnesses,'…and in fact had no involvement whatsoever in the crime charged") (quoting Robinson, 144 F.3d at 106; Roviaro, 353 U.S. at 64).

Where the "[g]overnment's case depends almost entirely on [a witness's] testimony; [such that] without it there could have been no indictment and no evidence to carry the case to the jury…[that witness's] credibility as a witness was therefore an important issue in the case." Giglio, 405 U.S. at 154-55 (ruling that key witness's understanding or agreement as to future prosecution was relevant to his credibility and should have been disclosed by the government); Brady, 373 U.S. at 87 (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). The intersection of the government's Brady/Giglio obligations and the Roviaro privilege is that the "Roviaro obligation is not that the government turn over exculpatory evidence (an obligation already defined by Brady), but that the government provide a defendant with information about the identity of an informant, which may be the means to obtain further exculpatory evidence from that person." United States v. LaRouche Campaign, 695 F. Supp. 1290, 1307 (D. Mass. 1988) (emphasis in original). Bulger argues as much here, contending that CI's identity is critical to leading to information to cross-examine and undermine the credibility of Weeks, a key government witness, and suggesting that the undisclosed CI has information that will contradict

Weeks's accounts of the acquisition and division of the Mass Millions winnings by Bulger, Weeks and others.  D. 846 at 9.

Bulger's heavy burden to obtain the CI's identity is that the "the privilege need only give way when disclosure of the informant's identity would be vital to a fair trial."  United States v. Cartagena, 593 F.3d 104, 113 (1st Cir. 2010); Martinez, 922 F.2d at 921.  Bulger has not carried his burden here for a number of reasons.  First, Bulger alleges that the CI has information about the acquisition of Bulger's share in the winning Mass Millions lottery ticket, a matter that is not even alleged in the lengthy and broad indictment charged against him here.  See Robinson, 144 F.3d at 107 (finding no abuse of discretion where the trial court refused to compel the government to divulge the informants' identities where, among other things, "the informers' evidence, though desired by the appellant, was peripheral to the crimes charged").  There is no suggestion that the CI played any role in the criminal conduct charged here, much less a critical role in such conduct.  Accordingly, it cannot be said that the CI is the only person other than the defendant who has first-hand knowledge of the acts underlying the crimes charged.  Second, it is not clear that the CI's information would amount to a prior inconsistent statement by Weeks where Gamel has informed the government that the source of this CI's information was not Weeks.  D. 854 at 6.  Third, contrary to Bulger's argument, there is still reason to preserve the CI's anonymity.  The key consideration is not that there is no pending investigation or other law enforcement interest remaining in the underlying matter, but that the qualified privilege presumes confidentiality unless the burden to disclose such information is met.  This assurance of anonymity is essential to the qualified Roviaro privilege:  "[t]he most effective means of fostering this cooperation [with law enforcement] is providing the informant with complete anonymity."  United States v. Velazquez, No. 96-cr-291, 1997 WL 328660, at *9 (N.D. Ill. June

5, 1997) (citing <u>Dole v. Local 1942, Intern. Broth. of Elec. Workers, AFL-CIO</u>, 870 F.2d 368, 372 (7th Cir. 1989)).  Fourth, there is no necessity for this information for Bulger to attack Weeks's credibility.  The government has disclosed the identity of the other CI upon whom Gamel relied in support of his affidavit seeking a warrant for seizure of Bulger's share of the lottery winnings.  D. 846 at 5.  Moreover, the defendant does not need the disclosure of the CI's identity to question Weeks about whether the government did not seek forfeiture of his share of the winnings, as it did with Bulger.  All of this material is fodder for cross-examination of Weeks pursuant to Fed. R. Evid. 611(b) and, at best, the information that Bulger now seeks regarding the CI would be cumulative impeachment material.  That is, since there is no "compelling scenario" that such disclosure is relevant and helpful to the defense or essential to a fair determination of the case, the Court concludes that disclosure of the CI is not warranted here.

### IV.     Conclusion

For the aforementioned reasons, the Court DENIES the motion of the defendant, James J. Bulger, to disclose the identity of a confidential informant, D. 846.

<u>/s/ Denise J. Casper</u>
U.S. District Judge