UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES** | )<br>)<br>)<br>) |
| v. | ) Civil Action No. 99-10371-DJC |
| **JAMES J. BULGER** | )<br>)<br>)<br>)<br>) |

MEMORANDUM & ORDER

**CASPER, J.**                                                                                                                                                                                                    **May 14, 2013**

    **I.**      **Introduction**

Defendant James J. Bulger ("Bulger") has filed a series of motions seeking certain discovery from the government. The Court addresses the remaining three of these motions, D. 847, 878 and 883, in this Memorandum and Order.

    **II.**      **Relevant Factual Background and Procedural History**

Bulger has been charged in a 111-page, 48-count indictment charging him with participation in a racketeering conspiracy involving, among other things, murder, extortion and money laundering and separate charges of racketeering, money laundering, extortion and a range of firearms crimes. Trial in this matter is scheduled to begin on June 10, 2013. The government's 21-day disclosures pursuant to Local Rule 116.2(b)(2) are due on or before May 20, 2013. The government, however, at the April 26, 2013 hearing ("April 26th hearing") indicated that it had produced all Brady exculpatory evidence, 90% of Giglio information about its anticipated trial witnesses and 90% of the statements of these witnesses under the Jencks Act, 18 U.S.C. § 3500, and confirmed its intent to produce the balance of same to counsel for Bulger

before the 21-day deadline. D. 901 at 68. Bulger has filed a series of discovery motions. The first, D. 847, and the last, D. 883, seek unredacted versions of documents that the government has previously produced. The other motion, D. 878, seeks a Court order that the Department of Justice ("DOJ"), as opposed to the United States Attorney's Office ("USAO"), produce and certify discovery in this matter. This motion also seeks several categories of documents. At the April 26th hearing, the Court gave the parties the opportunity to be heard on these pending motions, D. 901 at 59-78, and the government has now filed its opposition to each. D. 860, 881, 900. Now that all of these motions are ripe for consideration, the Court addresses them here.

### III.    Discussion

Bulger's right to discovery from the government originates from specific sources: his constitutional right to exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), Fed. R. Crim. P. 16 and the Jencks Act, 18 U.S.C. § 3500. United States v. Griebel, 312 Fed. Appx. 93, 96 (10th Cir. 2008); see United States v. Presser, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988). Brady and Giglio entitle criminal defendants to exculpatory evidence that is material to guilt or innocence. Giglio, 405 U.S. at 154; Brady, 373 U.S. at 87. Fed. R. Crim. P. 16(a)(1)(E)(i) states that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy . . . documents . . . if the item is within the government's possession, custody, or control and the item is material to preparing the defense." The Jencks Act requires the government to produce prior statements of government witnesses where such statements relate to the subject matter to which the witness has testified on direct examination. 18 U.S.C. § 3500(b).

The discovery that Bulger now seeks falls into several different categories which the Court now addresses in turn.

A.  **Discovery Seeking Disclosure of Confidential Informants**

As in D. 846 (previously decided by this Court, D. 888), some of Bulger's requests seek the disclosure of the identities of confidential informants ("CIs").  Although the Court understands Bulger's contention that he was not a CI for the Federal Bureau of Investigation ("F.B.I.") as the government contends, the Court does not agree that the disclosure of CIs who may have provided information as the basis for a Title III wiretap application regarding Vanessa's Restaurant not charged in this case, Exh. A, D. 849; D. 847 at 3-4, 6-7, 9, makes that contention more or less probable or is otherwise discoverable.  Although the government notes that both Bulger and Stephen Flemmi were sources of information for this wiretap application, the disclosure of any other CI who may have provided information to establish probable cause in that investigation does not make the fact of Bulger's status more or less true or likely. Accordingly, Bulger has failed to meet the high burden under Roviaro v. United States, 353 U.S. 53 (1957), particularly where the fruits of this wiretap are not charged in this case, there is no suggestion that the undisclosed CI is the only one able to amplify or contradict the testimony of a government witness or no equally compelling reason exists, United States v. Mills, 710 F.3d 5, 14 (1st Cir. 2013), that outweighs the public interest underlying the CI privilege.[1]

Bulger also seeks the disclosure of a CI who provided information about former Organized Crime Strike Force Attorney David Twomey and Frank Lepere (identified by Bulger as a bookmaker and by the government as a drug trafficker).  D. 847 at 4, Exhs. C, D, D. 849; D. 860 at 5.  The government has responded that the two documents upon which Bulger relies for this request are unrelated, the latter was produced in completely unredacted form and the former had redactions to protect the identity of a CI who provided information leading to Lepere's arrest

---

[1]  The same is true for the 1986 orders, affidavits and applications for electronic surveillance in this Title III investigation, Exh. I, D. 849, D. 847 at 6-7, where such investigation is not being offered at this trial and did not result in any interceptions of the defendant.

by the Drug Enforcement Administration ("DEA"). D. 860 at 5-6. In the absence of a showing of a compelling reason to disclose the identity of this CI, the Court denies this request.

Bulger also seeks the identity of a CI who provided information about former F.B.I. Special Agent John Connolly's corruption, a fact that Bulger contends is "highly relevant to the defense." D. 849, Exhs. E, F; D. 847 at 5. Although the government does not dispute the characterization of Connolly, who now stands convicted of federal RICO and obstruction of justice charges and second degree murder charges in Florida, as corrupt, it disputes that Bulger has made a sufficient showing under Roviaro for the disclosure of this CI's identity. The Court agrees as to the disclosure of this CI's identity. However, to the extent that Bulger seeks information supporting his contention that he was not an informant for the F.B.I., the Court queried counsel at the April 26th hearing about how information about such a claim would be material to any defense for the purposes of discovery under Fed. R. Crim. P. 16(a)(1)(E). D. 901 at 72. The government noted that part of its case-in-chief would be the nature of the relationship between Bulger and Connolly, one that the government contends was one of informant-to-F.B.I.-handler. Id. In this context, it appears that information that bears upon or supports Bulger's contention would be discoverable under Rule 16(a)(1)(E). The government has denied Bulger's contention about his non-informant status (even going as far to say that it "does not have an obligation to find evidence of something that does not exist," D. 881 at 1) and has stated that "[t]here is no discovery that shows [Bulger] is not an informant." D. 901 at 73. However, given Bulger's motion to this Court regarding this matter, to the extent any such documents exist, the government shall produce any documents that support or reflect Bulger's contention that he was not an informant for the F.B.I.[2]

---

[2] If any annual informant reports regarding Bulger, Request 5, D. 878 at 20, or the full version of an informant report regarding Bulger and Flemmi, Exh. R, D. 847 at 10, would fall

4

Although the Court agrees that Bulger is entitled to <u>Giglio</u> information about anticipated government witnesses at trial, in regard to the request for disclosure of the identities of CIs bearing upon information about John Connolly, Stephen Flemmi, Kevin Weeks and Steven Davis, the Court notes that the information itself has been revealed, Exhs. G, J, K, L, D. 849; D. 847 at 5-6, 7-8, and Bulger has not shown how the disclosure of these CIs' identities is warranted under <u>Roviaro</u> or its progeny.  The same is true as to the disclosure Bulger seeks of the identity of a CI with knowledge of the actions of John Riblet Hunter in connection with the murder of Roger Wheeler in Tulsa, Oklahoma, which is charged in connection with Count I, the racketeering conspiracy, D. 215 at 26, in this case.  Exh. H, D. 849, D. 847 at 6.  One of the government's anticipated trial witnesses, John Martorano, has confessed that he shot and killed Wheeler and has pled guilty to this crime.  D. 847 at 6; D. 860 at 7-8.  In this circumstance where Martorano's confession is (presumably) part of the government's case-in-chief and the CI's information about Hunter has already been disclosed, the necessity of disclosing the CI's identity under <u>Roviaro</u> is unclear and, accordingly, the Court denies this request for further disclosure.

### B.  **Bulger Seeks Additional Unredacted Documents**

Bulger seeks a fully unredacted version of a document which discusses the extortion of Michael Solimando.  Exh. M, D. 849; D. 847 at 9.  However, Bulger concedes that a fully unredacted version of this report, in teletype format, has been produced by the government, Exh. N, D. 849, and the Court does not perceive a need for further unredacting of Exh. M, D. 849,

---

into this category, the government shall produce them.  Otherwise, the Court denies these requests.  Bulger also seeks documents authored by F.B.I. Assistant Special Agent in Charge Robert Fitzpatrick requesting the closure of Bulger as an informant.  Request No. 33, D. 878 at 28.  To the extent that any such reports would fall within this category, such documents shall be produced if they remain in the government's possession, custody and control and have not yet been produced.

where the fully unredacted version has been produced and any differences between the two reports do not appear to be material. As to the request for further unredacting of a document that makes reference to the "elimination of La Cosa Nostra," Exh. O, D. 849; D. 847 at 9, it is unclear how the portions of information redacted from this page constitutes <u>Brady</u> or <u>Giglio</u> information or are otherwise discoverable, even as Bulger contends that the elimination of La Cosa Nostra was an objective that the government contends he played a role in achieving. The same goes for the last page of a report from James Ring pertaining to the "Jungle Mist" investigation. Exh. Q, D. 849; D. 847 at 9-10.

In a subsequent motion, D. 883, Bulger seeks the unredacted versions of additional documents that the government has produced. Specifically, he seeks an unredacted version of a redacted 1999 F.B.I. 302 report that concerns Kevin Weeks moving weapons and a sighting of Bulger while he was a fugitive which, Bulger contends, bears upon impeachment of Weeks at trial and provides "insight" into the F.B.I.'s investigation and pursuit of him following his 1995 indictment. D. 883 at 2-3; Exh. A, D. 884. Similarly, Bulger seeks the unredacted form of various documents that Bulger contends contain additional impeachment material as to Weeks and Stephen Flemmi. D. 883 at 4; Exhs. C-D, D. 884. Given that the substance of this information has been disclosed to Bulger's counsel and given the representation by the government that the redacted portions are either irrelevant as to these anticipated witnesses at trial or that further disclosure would reveal the identity of a CI, the Court denies these requests where there has been an insufficient showing under <u>Roviaro</u> or the discovery standards, including Rule 16(a)(1)(E), that further unredacting is warranted. Nothing about this decision or anything else in this Memorandum and Order, however, reduces the government's ongoing

obligation to produce exculpatory evidence under Brady or Giglio as constitutionally required and within the time frame provided by the Local Rules.

In D. 883, Bulger also seeks the personnel reports, completely redacted, regarding F.B.I. ASAC Robert Fitzpatrick, who was a supervisor during the investigation of Bulger in the 1980s and, at one point, recommended that the F.B.I. close Bulger's informant file. D. 883 at 3-4; Exh. B, D. 884. The government identifies Fitzpatrick as "a nongovernment witness," which the Court understands to mean a person whom the government does not intend to call at trial (as opposed to a witness whom the government does intend to call at trial, but who is no longer employed by the government).[3] As such, the personnel records sought would not constitute possible Giglio information and the Court does not see another basis, on this record, for determining that such records are discoverable.

Bulger also seeks various statements made by certain CIs pertaining to him, D. 883 at 4-6; Exhs. E-G, D. 884, but notes that the "defense is interested in the contents of the communication rather than the identity of the[se] informants." D. 883 at 4. As to Exh. F, the government responds that the redacted portion of this document is irrelevant to this case or that its disclosure could reveal the identity of a CI. D. 900 at 1-2. Since, however, the defense does not seek disclosure of the CI, the government shall confirm that contents of the redactions here are not otherwise discoverable, or shall produce same, by May 20, 2013. As to Exh. E, a Joseph C. Saccardo to Martin Foley memorandum, which is heavily redacted, and Exh G, an investigative document detailing information from a CI to Special Agent John Gamel, which is less heavily redacted, the government has agreed to review these documents again and, "[i]f anything discoverable is located, the government will produce it in accord with its obligations."

---

[3] If the Court's understanding is incorrect, the government shall file a clarification of its position regarding this witness on or before May 20, 2013 so that the Court can revisit this issue.

D. 900 at 3. The Court orders the government to do so by May 20, 2013. Similarly, as the government has agreed to locate and produce a more legible copy of certain informant files, D. 883 at 6; Exh. H, D. 884; D. 900 at 3, the government shall also do so by May 20, 2013.

In reference to certain Giglio and Jencks information regarding Kevin Weeks, Bulger cites the government's agreement to produce Jencks statements and Giglio information early. D. 883 at 6-7; Exhs. I-K, D. 884. As to Exh. J, the government has agreed to review this exhibit again and, if anything discoverable is located, produce it in accordance with its obligations, D. 900 at 3, and is now ordered to do so by May 20, 2013. As to the requests for unredacted versions of Exhibits I and K, which appear to be part of the government's Giglio production for Kevin Weeks, the government has reaffirmed its duty to produce all Giglio information for Kevin Weeks including, but not limited to, any grand jury transcripts of his testimony (and which the Court otherwise orders the government to complete by May 20, 2013).

    **C. Request for Discovery from the Department of Justice as Opposed to Discovery from the U.S. Attorney's Office**

In a separate filing, D. 878, Bulger demands that "this Court order the Department of Justice to provide him relevant and material evidence in this case" given his contention that "the United States Attorney's Office cannot certify whether relevant evidence exists and it does not have access to Department of Justice records to the extent necessary to comport with due process." D. 878 at 1. Although Bulger makes reference to his purported defense of immunity in this filing, it is clear that this motion concerns evidence material to his defense generally and not only material to this issue. See D. 878 at 2 (discussing entitlement to Department of Justice documents "that are exculpatory or otherwise material to his defense"); D. 878 at 13 (evidence also "relevant to every protected or immunized witness the government calls at trial and to attack their credibility and motives for shaping testimony to meet the Department of Justice's

objectives"). Although Bulger claims that the U.S. Attorney's Office has taken the position of "absolute separation between their office and the DOJ," D. 878 at 4, the prosecutor's office has denied that there was any distinction between its office and the DOJ for the purposes of required disclosures, noting that any suggestion of such separation "had no relation to any request for discovery." D. 901 at 61-62. As such, no order is necessary where courts treat multiple sections of the Department of Justice as one entity for purposes of discovery. See United States v. Santiago, 46 F.3d 885, 894 (9th Cir. 1995) (finding that the United States Attorney's Office was required to produce discoverable documents in possession of the Department of Justice's Bureau of Prisons); see also United States v. Salyer, 271 F.R.D. 148, 156 (E.D. Cal. 2010) (adopting the parties' position in a criminal antitrust prosecution that "documents within the possession of the United States Attorney's Office, the Anti–Trust Division of the Department of Justice, the FBI, IRS–CI (criminal), the USDA and FDA" are within the possession, custody and control of the "government" for purposes of discovery).

### D.  Giglio Information and Jencks Statements Sought

In his motion, D. 878, Bulger also makes various requests for discovery that the Court now groups together in general categories and addresses in turn.[4]

First, Bulger seeks Jencks and Giglio material for all witnesses that the government intends to call at trial. (Request 1, D. 878 at 15-16). As referenced above, at the April 26th hearing, the government represented that it had already produced the bulk of Giglio information and Jencks statements for its anticipated trial witnesses. Moreover, the production of the former is not due until 21 days before trial (here, May 20, 2013); the latter need not be produced until

---

[4] Although the government filed an opposition to this motion, indicating its disagreement with Bulger's continuing contention that the DOJ provided him immunity and that he was not an informant, that response did not address each of the specific requests that Bulger included in the motion. D. 881.

the completion of the direct examination of the specific witness at trial, 18 U.S.C. § 3500(a), but the government has also stated its intention, on the record, to produce the remainder of Jencks statements in the period applicable to the production of Giglio material (i.e., also on or before May 20, 2013). D. 901 at 70. Accordingly, to the extent that Bulger seeks an order compelling such production of these documents within a different time frame, the Court denies this request.

To the extent that Bulger seeks documents relating to the issue of immunity—i.e., documents that Bulger contends will evidence the DOJ's protection of him despite knowledge of his criminal conduct (Requests 2-4, D. 878 at 16-19); the "chron file" and all records and files of Jeremiah O'Sullivan pertaining to Bulger (Request No. 14, D. 878 at 20);[5] documents regarding David Margolis (Requests No. 19-20, 22, D. 878 at 22-23, 25); documents reflecting instances in which the DOJ approved extraordinary criminal activities involving a significant risk of violence (Request No. 21, D. 878 at 24); and complete, unredacted copies of the Manual of Investigative Operations and Guidelines and the Manual of Administrative Operations and Procedures (Requests 25 and 26, D. 878 at 26)—the Court will draw the same line as the Court did in its 12/6/12 Order and which it reaffirmed in its most recent Memorandum and Order—documents "reflecting the existence of any agreement, formal or informal, acknowledging or memorializing the conferral of immunity on defendant by the U.S. Government or its authorized agents for any past or prospective crimes for which defendant was responsible (or an affirmance that no such correspondence exists)," Docket entry, 12/6/2012; D. 895 at 28-29 (noting that "[t]o exceed [the parameters of the 12/6/12 order] would be to go beyond what the parameters of what Giglio, Brady, the Jencks Act and Rule 16(a)(1)(E) require"), shall be produced.[6]

---

[5] The motion makes no reference to Requests 6 through 13.

[6] Bulger also requests all DOJ documents directing various DOJ officials to object to or contest parole hearings of defendants falsely convicted of the murder of Edward Deegan. Request No.

The Court has previously denied an earlier iteration of Bulger's request for the names of the Deputy Chiefs assigned to supervise the Organized Crime Strike Force during O'Sullivan's tenure and all employees in reporting order that held positions between Deputy Chiefs and O'Sullivan during his tenure, Requests No. 23 & 24, D. 878 at 25, although the Court did not do so before Bulger had filed the instant motion. See D. 895 at 29 (denying Bulger's request for the names and service dates of certain DOJ officials and stating reasons for same). The Court denies this request for the reasons previously articulated in its earlier Memorandum and Order. Id.

As discussed above, the government has or is producing Giglio information regarding its anticipated trial witnesses. Such production shall include Kevin Weeks's grand jury testimony, Request No. 17, D. 878 at 22, other previous statements by Weeks, request No. 16, D. 878 at 21; Request No. 18, D. 878 at 22,[7] and documents bearing upon the credibility of John Martorano. Request No. 29, D. 878 at 27; Requests No. 30 and 31, D. 878 at 27. The government is also obligated to produce information about promises, rewards and inducements given by the government to a witness, Local Rule 116.2(b)(1)(C), and the Court agrees with Bulger's counsel that forbearance from pursuing forfeitable property as to Weeks and Stephen Flemmi could be reasonably characterized as same. Requests 27 and 28, D. 878 at 26-27. The Court understands the government's response to similar requests, D. 900 at 2, to be an acknowledgment of its

---

32, D. 878 at 28. Although such documents, if they exist, would conceivably be relevant to other cases, it is unclear how they would be relevant here. Bulger provides no explanation for this request, D. 878 at 28, but to the extent that he seeks such documents as bearing on his argument about immunity, the Court denies same for the reasons articulated above.

[7] If there are missing pages from this report or from the trial testimony of Weeks at Connolly's trial in Florida, Request No. 34, D. 878 at 28, the government shall endeavor to locate and produce them by May 20, 2013. Bulger also seeks missing pages from two reports from Special Attorney Wendy Collins to Judge Arthur Garrity concerning a wiretap at 98 Prince Street in Boston, noting that these two reports are missing the first page. Request No. 15, D. 878 at 21. If there are missing pages from these reports, the government shall endeavor to locate and produce them in the same timeframe.

obligation to produce <u>Giglio</u> information and, pursuant to Local Rule 116.2 and this Order, they shall complete such production of such information as to Weeks, Stephen Flemmi, John Martorano and their other anticipated trial witnesses by May 20, 2013.

Finally, Bulger seeks any and all copies of Bulger's letters and calls from Plymouth County Correctional Facility that the government has not yet produced. Request No. 35, D. 878 at 29. The government has not responded to this specific request. The Court notes that Fed. R. Crim. P. 16(a)(1)(B)(i) requires the government to produce "any relevant written or recorded statement by the defendant if statement is within government's possession, custody or control" and government counsel "knows, or through due diligence could know, that the statement exists" and Fed. R. Crim. P. 16(a)(1)(E)(ii) requires production of any such calls or records if "the government intends to use the item[s] in its case-in-chief at trial." If either or both of these scenarios apply here, the Court orders the government to produce these materials.

### IV.    Conclusion

For the aforementioned reasons, the Court DENIES in part and GRANTS in part the motions of the defendant, James J. Bulger, D. 847, 878 and 883, regarding various discovery requests. To the extent that the Court has ordered production of certain documents, the government shall make such production by May 20, 2013.

/s/ Denise J. Casper
U.S. District Judge