UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                 )
UNITED STATES                    )
                                 )
V.                               )    Crim. No. 99-10371-DJC
                                 )
JAMES J. BULGER                  )
_____)

## DEFENDANT'S MOTION FOR DISCLOSURE OF IDENTITY OF CONFIDENTIAL SOURCES AND RELATED MATERIALS

The defendant moves that this Court order the government to produce the following:

1. The identity of the source referenced in FBI 302 report dated March 29, 2000;

2. Any other F.B.I. reports produced by Special Agents Elaine Shall and/or John Bevington relating to this source;

3. Any notes of Special Agents Shall and/or Bevington pertaining to conversations with this source;

4. Any documents or reports relating to a follow-up investigation of the source's information conducted by any employee of the Department of Justice;

5. Any documents memorializing whether anyone from the Department of Justice asked Kevin Weeks about the source's allegations and any documents memorializing his response;

6. Any documents memorializing whether anyone from the Department of Justice asked John Martorano about the source's allegations and any documents memorializing his response;

7. The identity of the girlfriend of Kevin Weeks referenced in the report;

8. An unredacted copy of the 302 report.

Disclosure of these items is required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Roviaro v. United States</u>, 353 U.S. 53 (1957). The identity of the confidential source and related discovery are relevant and exculpatory because they bear heavily on the credibility of government witnesses Kevin Weeks and John Martorano. Due process requires that the government produce these items to the defendant.

**Background**

The government has disclosed to the defendant an F.B.I. 302 report dated March 29, 2000 drafted by Special Agents Elaine Shall and John Bevington (attached hereto as "Exhibit A"). The report sets forth information given to the agents by a confidential source about various alleged members of organized crime including Kevin Weeks and John Martorano. The source stated that Weeks and Martorano had each sent assurances to certain individuals that, although Weeks and Martorano were cooperating with law enforcement, they would not provide

prosecutors with incriminating information about those

particular individuals.[1]

### Argument

The privilege permitting the government to withhold an

informant's name must give way where "the disclosure of an

informer's identity, or of the contents of his communication, is

relevant and helpful to the defense of an accused, or is

essential to a fair determination of a cause[.]" Roviaro v.

United States, 353 U.S. 53, 60-61 (1957). This principle is

consistent with the government's ongoing duty to turn over

exculpatory evidence to the accused upon request. See Brady v.

Maryland, 373 U.S. 83, 87 (1963). Impeachment evidence showing a

witnesses' bias or motive falls within the Brady rule. U.S. v.

Bagley, 473 U.S. 667, 676 (1985). Where the reliability of a

given witness may be determinative of guilt or innocence, the

government must disclose any evidence affecting his credibility.

Giglio v. United States, 405 U.S. 150, 154 (1972).

The information provided by the "confidential source" bears

directly on the credibility of two key government witnesses,

Kevin Weeks and John Martorano. The information provided by the

source is highly relevant for impeachment purposes. It

demonstrates the willingness of both Weeks and Martorano to

---

[1] The names of the individuals that Martorano and Weeks refused to implicate
and the exact language attributed to the source are reflected in the 302
report which has been filed under seal.

shade their version of events in a manner favorable to themselves and those they wish to protect. Their intentional withholding of incriminating information about their friends raises serious questions about whether they were truthful in their dealings with the government and, consequently, whether they will be truthful at trial. This evidence is exculpatory because it shines an unfavorable light on their credibility. The refusal of Weeks and Martorano to be fully honest with the government is fertile ground for cross-examination.

"[A]ny evidence that contradicts any government witness with respect to anything that witness is going to be inquired of on direct has to be disclosed." United States v. Owens, 933 F.Supp. 76, 87 (D. Mass. 1996) (citing United States v. Keliher, Crim. No. 90-10269-Y, order from the bench (Transcript of October 21, 1995)). The information provided by the source is almost certain to contradict the direct examination testimony of Weeks and Martorano at trial. Under the terms of their agreements with prosecutors, both witnesses are required to be truthful in their dealings with the government.[2] Undoubtedly, they will claim to have done so. The source's information makes clear that they were not honest with the government. It demonstrates that they each withheld information from the

---

[2] Weeks and Martorano have each entered into cooperation agreements with federal prosecutors and state prosecutors in Massachusetts, Florida and Oklahoma.

government if that information incriminated certain people. If
either witness testifies that he was completely forthcoming with
the government or denies that he was unwilling to incriminate
certain people, the defendant is entitled to confront that
witness with his prior statements to the contrary. <u>See</u> Fed. R.
Evid. 613(b). These inconsistencies bear directly on each
witness's credibility and are therefore proper subjects of
cross-examination. <u>See</u> Fed. R. Evid. 611(b).

   The disclosure of the source's identity is required even if
he never spoke directly to Weeks or Martorano. The statements
attributed to Weeks and Martorano are material and exculpatory.
If they were not made directly to the source, the defendant is
entitled to investigate how the source came to know of them. The
person to whom the statements were originally made possesses
exculpatory information and may be called as an impeachment
witness. The defendant cannot adequately search for this person
without knowing the identity of the source.  In the case of
Kevin Weeks, the source indicated that Weeks' girlfriend was the
person who passed his messages to the intended recipients. If
so, she may be called as an impeachment witness. Accordingly,
her identity must be disclosed if it is in the possession of the
government. This information is not privileged since Weeks'
girlfriend was not acting as an informant.

The defendant also requests reports and notes pertaining to agents' interaction with the source and any follow-up investigation conducted by the Department of Justice. Any such documents must be produced because they are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). The defendant is entitled to know whether the source provided any additional information implicating the credibility of Martorano or Weeks. If so, this information is exculpatory and must be disclosed.

The defendant is also entitled to any documentation indicating whether the government inquired of Weeks and/or Martorano about their lack of candor and any record of their response to this inquiry. If either witness admitted to making the statements reported by the source, he has admitted to coloring his version of events to protect his associates. This lack of candor strongly undercuts the witness's credibility and is therefore exculpatory.

## Conclusion

For the foregoing reasons, the defendant moves that this Court order the government to disclose the identity of the confidential source, the identity of Kevin Weeks' girlfriend and the other requested items of discovery.

## Local Rule 116.3(f) Certification

Counsel for the defendant certifies that this motion was filed in compliance with Local Rule 116.3(f). After discovery letters were exchanged pursuant to Local Rule 116.3(e), counsel for the defendant and for the government conferred but were unable to resolve the issue.

JAMES J. BULGER
By His Attorneys,


CARNEY & BASSIL

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Henry B. Brennan*
Henry B. Brennan
B.B.O. # 634036


Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566


Dated: May 15, 2013


### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                  )
UNITED STATES OF AMERICA          )
                                  )
V.                                )        Crim. No. 99-10371-DJC
                                  )
JAMES J. BULGER                   )
                                  )
```

**AFFIDAVIT SUPPORTING
DEFENDANT'S MOTION FOR DISCLOSURE OF IDENTITY OF CONFIDENTIAL
SOURCES AND RELATED MATERIALS**

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: May 15, 2013