UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 99-10371-DJC |
| | ) | |
| JAMES J. BULGER, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S MOTION TO CONDUCT CRIMINAL BACKGROUND CHECKS OF POTENTIAL JURORS

28 U.S.C. § 1865(b)(5) prohibits persons with pending criminal charges or state or federal convictions for crimes punishable by imprisonment for more than one year from serving on federal juries. Consistent with the statute, the First Circuit has found that criminal background checks of jurors by the government in criminal cases, even without prior approval of the Court, are appropriate. *See, e.g., United States v. McIntosh*, 380 F.3d 548, 557-558 (1st Cir. 2004).[1] Accordingly, the government respectfully moves for permission to conduct criminal background checks of potential jurors who pass the Court's preliminary screening process during jury selection.

As the Court is aware, trial of this matter will likely take several months, consume considerable resources, and have an obvious emotional impact on the victims. It is thus important

---

[1] *McIntosh* and the other federal cases cited below raise the question of whether this motion is necessary; nevertheless, in an abundance of caution, the government moves herein.

1

to take steps necessary to address potential appellate issues in the first instance. For example, in *Sampson v. United States*, 12-1643, currently on appeal by the government to the First Circuit, the district court, almost eight years after the jury's unanimous verdict that Sampson should be put to death, set aside the verdict on the basis of a juror's failure to disclose certain information. That juror's failure to disclose certain information occurred despite the fact that the juror had completed the jury questionnaire in *Sampson* under oath. Regardless of whether the First Circuit affirms or reverses the district court in *Sampson*, the litigation has consumed thousands of hours at a substantial financial cost.

Like the First Circuit in *McIntosh*, numerous other federal courts of appeal have assumed the propriety of criminal background checks of potential jurors, even in the absence of prior approval from the district court. *See, e.g., Black v. Workman*, 682 F.3d 880, 898 (10th Cir. 2012) (assuming propriety of criminal background checks of potential jurors); *United States v. Brown*, 553 F.3d 768, 797 (5th Cir. 2008) (same); *United States v. Jones*, 332 F. App'x 767, 768-69 (3d Cir. 2009) (same); and *United States v. Warner*, 498 F.3d 666, 688 (7th Cir. 2007) (finding no abuse of discretion in district court's decision to call for background checks).

In fact, in Massachusetts, criminal background checks of potential jurors are authorized by statute, *see* M.G.L. c. 234A, § 33, and have been upheld by the Supreme Judicial Court. *See, e.g.*, *Commonwealth v. Cousin*, 873 N.E.2d 742, 748-49 (2007), cert. denied, 553 U.S. 1007 (2008) ("[i]nquiring into the criminal records of jurors in a criminal case for the purposes of determining their qualifications to serve and their impartiality fits squarely within the 'criminal justice duties' of prosecutors"); *see also Commonwealth v. Hampton*, 928 N.E.2d 917, 927 (2010).

Here, allowing the government to conduct criminal background checks is in the interest of justice, consistent with established precedent, and will: (a) ensure that a fair, impartial and statutorily eligible jury is selected; (b) provide a basis to determine whether jurors have truthfully answered their questionnaires with respect to an important subject; (c) minimize the possibility of a mistrial; and (d) promote finality by mitigating potential appellate and collateral issues.

Accordingly, for the reasons set forth herein, the government respectfully requests that the Court grant this motion.

>                            Respectfully submitted,
>
>                            CARMEN M. ORTIZ
>                            United States Attorney
>
>                       By:  */s/ Zachary R. Hafer*____
>                            ZACHARY R. HAFER
>                            BRIAN T. KELLY
>                            FRED M. WYSHAK, JR.
>                            Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on May 16, 2013.

>                            */s/ Zachary R. Hafer*___
>                            ZACHARY R. HAFER
>                            Assistant U.S. Attorney

Dated: May 16, 2013