```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
                                    )
UNITED STATES OF AMERICA            )
                                    )
V.                                  )    NO.  99-CR-10371-DJC
                                    )
JAMES J. BULGER                     )
                                    )
```

## DEFENDANT'S MOTION TO RESERVE SEATING FOR THE PUBLIC DURING ALL PHASES OF JURY SELECTION

The defendant, James J. Bulger, moves this Court to reserve seating in the jury assembly room and the courtroom for the general public during all phases of jury selection. The Court has indicated that it intends to conduct the initial portion of the jury selection process in the jury assembly room and the later stages in the courtroom.[1] Both venues would be closed to the public during this time although there will be a broadcast of the proceedings into an overflow area in the courthouse. The defendant objects to this arrangement.

The Sixth Amendment grants James Bulger the right to a trial that is open to members of the public. Owens v. United States, 483 F.3d 48, 61 (1st Cir. 2007). "The guarantee of a public trial is for the benefit of the defendant; a trial is far more likely to be fair when the watchful eye of the public is present." Id. The failure to hold a public trial is a "structural error" that "infect[s] the entire trial process."

---

[1] This motion applies to those times when the Court and the parties are present in the courtroom with the pool of potential jurors.

1

Id. at 64 (quoting Neder v. United States, 527 U.S. 1, 8 (1999)).

The right to a public trial extends to the voir dire of prospective jurors. Presley v. Georgia, 558 U.S. 209, 213 (2010); see also Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 508 (1984)("Public jury selection thus was the common practice in America when the Constitution was adopted.") Before closing this process to the public, the Court must first consider alternatives even if they are not offered by the parties. Presley, 558 U.S. at 214. "Trial courts are obligated to take every reasonable measure to accommodate public attendance at criminal trials." Id. at 215. The Supreme Court has set forth several means by which a trial court can maintain public access during the jury selection process, each of which contemplates the public being physically present during the process. "[S]ome possibilities include reserving one or more rows for the public; dividing the jury venire panel to reduce courtroom congestion; or instructing prospective jurors not to engage or interact with audience members." Presley, 558 U.S. at 215; Cf. Owens, 483 F.3d at 62 ("Even assuming that the courtroom needed to be cleared of spectators, once prospective jurors began to leave the courtroom, the court's interest in closing the courtroom dissipated.")

The Court has indicated that the proceedings will be

broadcast to an overflow room. The First Circuit has spoken approvingly of a similar procedure used to ensure media access to court proceedings. See Providence Journal Company, 293 F.3d 1, 16 (2002). In Providence Journal, however, the trial judge "reserve[ed] seats in the courtroom for members of the press" in addition to "providing an overflow room for remote viewing." Id. "[T]here can be little doubt that the explicit Sixth Amendment right of the accused is no less protective of a public trial than the implicit First Amendment right of the press and public. Waller v. Georgia, 467 U.S. 39, 46 (1984). The use of a live broadcast to an overflow room, by itself, is insufficient to honor the defendant's right to a public trial. The public must be physically present to appreciate the true flavor of the proceedings. A live broadcast of even the highest quality simply cannot capture every aspect of what is occurring during the jury selection process. "The requirement of a public trial is satisfied by the opportunities of the public and the press to attend the trial and to report what they have observed." Nixon v. Warner Communications, 435 U.S. 589, 610 (1978). A live broadcast is not equivalent to allowing the public to actually attend the hearing. The public's observations of the proceedings are inherently limited to that which the broadcast allows them to see and hear. Only by being physically present in the jury assembly room and the courtroom can the public fully appreciate

the subtleties and intangible aspects of the proceedings. The defendant's right to a public trial demands that the public have true access to every step of the proceedings, including jury selection. This Court should therefore reserve seating for the public during all phases of jury selection.

James J. Bulger,
By His Attorneys

CARNEY & BASSIL

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Henry B. Brennan*
Henry B. Brennan
B.B.O. #634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: June 3, 2013

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | NO.  99-CR-10371-DJC |
| ) | |
| JAMES J. BULGER ) | |

**AFFIDAVIT SUPPORTING**
**DEFENDANT'S MOTION TO RESERVE SEATING FOR THE PUBLIC DURING ALL PHASES OF JURY SELECTION**

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: June 3, 2013

5