UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION |
| | ) | NO. 99-10371-DJC |
| JAMES J. BULGER, | ) | |
| | ) | |

**MOTION OF GLOBE NEWSPAPER COMPANY, INC., SHELLEY MURPHY AND KEVIN CULLEN FOR EXEMPTION FROM SEQUESTRATION ORDER**

Globe Newspaper Company, Inc., Shelley Murphy ("Murphy") and Kevin Cullen ("Cullen") respectfully move for an order exempting Murphy and Cullen from any witness sequestration order that might be entered in this case. *See generally United States v. Connolly*, 204 F.Supp.2d 138 (D. Mass. 2002) (exempting reporters listed as potential witnesses from sequestration order on First Amendment grounds).

Movants became aware of the issues raised by this motion after defendant filed his Witness List on May 30, 2013, identifying Murphy and Cullen as potential witnesses. Because movants know that sequestration was requested in a prior related case, *Connolly*, 204 F.Supp.2d 138, and are aware of the many pressing issues faced by the Court and the parties on the eve of trial, they respectfully bring this matter to the Court's attention prior to the entry of any sequestration order and before jury selection begins on June 4, 2013. *See generally Press-Enterprise Co.*

*v. Superior Court*, 464 U.S. 501 (1984) (public's First Amendment right of access to criminal trials extends to jury voir dire).

As grounds for their motion, movants state as follows:

1. On May 29, 2013, the parties filed a Joint Pretrial Memorandum indicating that the government expects to call approximately 70 witnesses and that the defendant expects to call approximately 36 witnesses. *See* ECF No. 949.

2. The following day, May 30, 2013, the defendant filed a Witness List identifying 78 potential witnesses. ECF No. 952. The Witness List was amended on May 31, 2013 to increase to 82 the total number of potential defense witnesses. ECF No. 961.

3. The defendant's Witness List identified Murphy and Cullen as prospective witnesses.

4. If the Court is asked to enter a sequestration order applying to all potential witnesses (as was requested in the prosecution of John Connolly, 204 F.Supp.2d 138), Murphy and Cullen's status as potential witnesses would interfere with their ability to attend and report on the trial. Movants submit that, should the Court enter a sequestration order, the First Amendment requires that Murphy and Cullen be exempt from the order, as the court ordered in *Connolly*. 204 F.Supp.2d at 138-40.

5. Murphy and Cullen are Boston Globe newspaper reporters who have substantial experience reporting on organized crime in the Boston area. They have reported on matters relevant to this case since the mid-1980's. In addition to their news reporting, Murphy and Cullen are co-authors of the book *Whitey Bulger: America's Most Wanted Gangster and the Manhunt that Brought Him to Justice.*

6. Both Murphy and Cullen plan on attending and reporting on the trial of this case. The historical knowledge and expertise they have concerning the

history of this case will help inform the public about what transpires in the courtroom, a matter of significant and legitimate public interest and concern.

7. The First Amendment interests in protecting Murphy and Cullen's right to attend and report on the trial far outweigh any competing interest in excluding them from the trial on the grounds that they have been listed by the defendant as potential witnesses.

8. *First*, it is by no means certain that the defendant will call Murphy or Cullen as witnesses. Erring on the side of inclusion when filing a Witness List is a common and understandable occurence. The defendant's Witness List contains more than twice as many witnesses than were listed by the defendant in the Joint Pretrial Memorandum. *Compare* ECF No. 949 and No. 961. That is not surprising since (a) the defendant expressly reserved his right to withdraw witnesses from the Witness List; and (b) the pretrial order required the defendant to identify all alibi witnesses as well as any other witnesses defendant "wishes brought to the attention of the jury during voir." *See* ECF No. 790, No. 851 and No. 961.

9. *Second*, any attempt to actually call Murphy or Cullen as witnesses at trial would have to overcome the significant constitutional barriers imposed on those who seek to compel the testimony of newspersons. As the First Circuit recently reiterated, "balancing of First Amendment concerns vis-à-vis the concerns asserted in favor of the compelled disclosure of academic and journalistic information is the law in this circuit for all First Amendment cases." *In re Request from the United Kingdom Pursuant to the Treaty between the Government of the U.S. and the Government of the United Kingdom on Mut. Assistance in Criminal Matters in the Matter of Dolours Price*, __ F.3d __, 2013 WL 2364165 (1st Cir. May 31, 2013); *United States v. LaRouche Campaign*, 841 F.2d 1176, 1182 (1988).

10. *Third*, even were the Court ultimately to rule that some limited testimony from either or both of the reporters was sufficiently relevant to an issue

at trial and could not be obtained from alternate sources, the reporters still should be relieved of the sequestration order. Their qualifications as witnesses apparently arise from accurately reporting news to the public. Neither was a party or witness to any criminal activity. Each has a special background and experience to which the public is entitled when reading about this trial. Enforcing the sequestration order with respect to the reporters would threaten the public's understanding of events occurring at trial and unnecessarily interfere with the free flow of information. In contrast, "allowance of this motion has the salutary effect of permitting [reporters] to meet their important First Amendment responsibility of keeping the public informed as to the events taking place in open court." *Connolly*, 204 F.Supp.2d at 138

11.   Under these circumstances, applying a sequestration order to exclude Murphy and Cullen from the trial of this case would violate the First Amendment. There is no question that Murphy and Cullen have a First Amendment right to attend the trial of this case. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982). It also is beyond dispute that the First Amendment does not permit discriminating between members of the press in granting access to trials and other governmental proceedings. *See Anderson v. Cryovac*, 805 F.2d 1, 9 (1st Cir. 1986) (a court "may not selectively exclude news media from access to information otherwise made available for public inspection. Such a practice is unquestionably at odds with the First Amendment. Neither the court nor any branch of the government can be allowed to affect the content or tenor the news by choreographing which organizations have access to relevant information."); *McCoy v. Providence Journal Co.*, 190 F.2d 760, 766 (1st Cir.), *cert. denied*, 342 U.S. 894 (1951) (city could not allow one newspaper access to public records and not another); *Westinghouse Broadcasting Co. v. Dukakis*, 409 F. Supp. 895, 896 (D. Mass. 1976) (selective exclusion of one television station from press conference violated the First

Amendment). *See also Cherill v. Knight*, 569 F.2d 124, 129-30 (D.C. Cir. 1977) (generic "reasons of security" were constitutionally insufficient basis to selectively deny reporter's access to White House press facilities).

12. Exceptions to sequestration orders commonly are granted. As Judge Tauro stated in exempting reporters from the sequestration order in *Connolly*, "there is abundant precedent for exclusion with respect to certain categories of witnesses, such as government case agents in criminal cases and expert witnesses in both civil and criminal cases." *Connolly*, 204 F.Supp.2d at 138. Given the uncertainty of whether Murphy and Cullen ever will be called to testify, and in view of the exceedingly narrow scope of any relevant testimony they might offer, the public interest in these reporters being able to cover this proceeding far outweighs any conceivable interest in excluding them from the trial of this case. *See generally United States v. Sepulveda*, 15 F.3d 1161, 1176 (1st Cir. 1993) (district courts have considerable discretion in fashioning sequestration orders).

Accordingly, movants respectfully request that any sequestration order entered by the Court exempt by its terms Shelley Murphy and Kevin Cullen.

By their Attorneys,

/s/Jonathan M. Albano
Jonathan M. Albano BBO #013850
BINGHAM DANA LLP
One Federal Street
Boston, MA 02110
(617) 951-8000

Dated: June 3, 2013

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 3, 2013.

/s/Jonathan M. Albano
Jonathan M. Albano

A/75580992.1