```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

_____
                                  )
UNITED STATES OF AMERICA          )
                                  )
     v.                           )     Crim. No. 99-10371-DJC
                                  )
JAMES J. BULGER                   )
_____)


<u>GOVERNMENT'S OBJECTIONS TO DEFENDANT'S PROPOSED WITNESS LIST</u>

The defendant has filed a witness list with 82 names, the vast majority of whom appear to have no relevant testimony to offer.  <u>See</u> ECF Dkt. No. 961.  For example, the defendant's list includes several prominent media members (Shelly Murphy, Howie Carr, Kevin Cullen, Dick Lehr, etc.) who were not eyewitnesses to any of the crimes charged in the indictment and who can only provide inadmissible hearsay testimony.  The government respectfully submits that they should be stricken from the defendant's witness list or, at a minimum, not barred from the courtroom simply because the defendant chose to put them on his witness list.

Additionally, the defendant's witness list suggests he intends to ignore this Court's ruling on his alleged "immunity" theory – he has listed several individuals as witnesses who were only relevant to this "immunity" claim: the Honorable Richard Stearns, FBI Director Robert Mueller, former Governor William

Weld, ADAG David Margolis, etc.  These witnesses should also be stricken from the defendant's list and the defense should be specifically admonished that its "immunity" theory cannot be mentioned during opening statements or as a basis to call in witnesses during the course of trial.

Finally, the government respectfully submits that pursuant to 18 U.S.C. § 3771, the government's family ID witnesses should not be excluded from the courtroom during trial. Section 3771 provides in relevant part:

> **(a) Rights of crime victims.** A crime victim has the following rights:
>
> ****
>
> > **(3)** The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.

18 U.S.C. § 3771(a)(3). A crime victim, then, has the conditional right not to be excluded from trial. *See generally, United States v. Charles*, 456 F.3d 249 (1st Cir. 2006). According to the very terms of § 3771, the court may only exclude the witness from testimony upon a specific finding "by clear and convincing evidence that it is *highly likely*, not merely *possible*, that the victim-witness will alter his or her testimony." *In re Mikhel*, 453 F.3d 1137, 1139 (9th Cir. 2006).

As the *Mikhel* Court went on to say,

> Because there is always a *possibility* that one witness will alter his testimony based on the testimony of another, were this the standard, a district court could without exception exclude crime victims, and Congress's intent to abrogate Rule 615 with respect to crime victims would be rendered meaningless.

*Id.*

                                          Respectfully submitted,

                                          CARMEN M. ORTIZ
                                        United States Attorney

Dated: June 3, 2013    By:      */s/ Brian T. Kelly*
                                        BRIAN T. KELLY
                                        FRED M. WYSHAK, JR.
                                        ZACHARY R. HAFER
                                        Assistant U.S. Attorneys

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                        */s/ Brian T. Kelly*
                                        BRIAN T. KELLY
                                        Assistant U.S. Attorney

Dated: June 3, 2013