```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

|                           |   |                    |
|---------------------------|---|--------------------|
| UNITED STATES OF AMERICA  | ) |                    |
|                           | ) |                    |
| V.                        | ) | NO. 99-CR-10371-DJC |
|                           | ) |                    |
| JAMES J. BULGER           | ) |                    |
|                           | ) |                    |

### DEFENDANT'S MEMORANDUM REGARDING OVERVIEW AND SUMMARY WITNESS TESTIMONY

The defendant, James J. Bulger, files this memorandum in anticipation of an issue that is likely to arise in this trial. The government has indicated that it will call former Massachusetts State Police Colonel Thomas Foley:

> We intend to call Colonel Foley to testify about the structure and organization of the Winter Hill Gang at various time periods illustrated by the organizational charts marked as Exhibits 94 through 96 on the government's exhibit list. Colonel Foley will testify based upon his experience as an organized crime investigator and his personal participation in the investigation that led to the indictment in this case. His testimony will be based upon his personal knowledge as well as information acquired over the course of his career such as information from electronic surveillance, informants, and law enforcement intelligence.
>
> Although we do not believe that this testimony comes within the gambit of Rule 702, we are providing this notice so you are aware of this anticipated testimony.

ECF Dkt. 930, at 1.

The defendant files this memorandum to ensure that the government does not elicit impermissible overview testimony or summary testimony from Colonel Foley. The government has not

1

indicated that it intends to call any other witnesses for this purpose. To the extent that the government attempts to elicit similarly improper testimony from any other witness, the defendant raises the same objections as are articulated herein.

**Argument**

The First Circuit has strongly criticized the government's practice of calling an "overview witness" to testify about the prosecution's anticipated evidence at trial. "This court on several occasions has strongly cautioned the Government against the practice of having a case agent make conclusory statements about a defendant's culpability at the beginning of the prosecutor's case, before any supporting evidence has been offered." United States v. Rodriguez, 525 F.3d 85, 95 (1st Cir. 2008)(and cases cited therein). The Court has noted the "inherently problematic" character of such testimony. United States v. Casas, 356 F.3d 104, 119-120 (1st Cir. 2004). The Fifth Circuit has also rejected the use of overview witnesses. "We unequivocally condemn this practice as a tool employed by the government to paint a picture of guilt before the evidence has been introduced." United States v. Griffin, 324 F.3d 330, 349 (5th Cir. 2003).

The problems with overview testimony are manifold. The jury may be influenced by statements that are in the overview but not

2

in evidence. Casas, 356 F.3d at 120. The later testimony may differ from the overview testimony. Id. The overview testimony also tends to carry the imprimatur of the government. Id. "[T]here is no meaningful distinction between the endorsement of credibility offered by the government's overview witness and the endorsement offered by the vouching prosecutor." United States v. Flores-De-Jesus, 569 F.3d 8, 18 (1st Cir. 2009). Additionally, "[o]verview testimony may have serious Crawford/Confrontation Clause implications" and is "almost certain to be rife with hearsay." Id. at 19, 20. For all of these reasons, "the government's use of such preliminary overview government agent witnesses is a troubling development." Casas, 356 F.3d at 120. "The government should not knowingly introduce inadmissible evidence; it risks losing convictions by doing so." Id.;

The government's witness notice indicates that it intends to call Colonel Foley to testify about the so-called "Winter Hill Gang." The government has recently indicated that it intends to call him as its second witness. This Court must prohibit Foley from providing an overview of the government's anticipated evidence. Foley should only be permitted to testify to his own participation in the investigation that resulted in this indictment. See Flores-De-Jesus, 569 F.3d at 19 ("There may be value in having a case agent describe the course of his

3

investigation . . .") The defendant objects to any testimony expressing an opinion, conclusion or implication as to the defendant's alleged role in the Winter Hill Gang. "Absent a basis in personal knowledge, however, the overview witness may not offer substantive testimony about the nature of the conspiracy or the involvement of particular defendants." Id.

Foley's testimony must be strictly limited to his own personal knowledge. The government has indicated that Foley will testify, in part, based on "information acquired over the course of his career such as information from electronic surveillance, informants, and law enforcement intelligence." ECF Dkt. 930 at 1. This information is pure hearsay and may not be introduced through Foley's testimony. See Flores-De-Jesus, 569 F.3d at 23-24 (noting that various parts of the overview witness's testimony were inadmissible hearsay); see also Casas, 356 F.3d at 119 ("If evidence does not exist in the record, the testimony can hardly be a summation of it."); see also Rodriguez, 525 F.3d at 96 (error to admit hearsay statement of case agent); see also United States v. Garcia-Morales, 382 F.3d 12, 17 (1st Cir. 2004)(error for case agent to testify that defendant was member of drug conspiracy). The introduction of incriminating, testimonial statements from non-testifying sources violates the defendant's Sixth Amendment right to confrontation. Crawford v. Washington, 541 U.S. 36, 51-52 (2003). Such testimony is

4

improper even if the sources of the information testify at trial, because " . . . the repetition is problematic in itself." Flores-De-Jesus, 569 F.3d at 26.

The defendant further objects to any testimony by Colonel Foley or any other government witness that purports to summarize the prosecution's case against the defendant. The First Circuit has adopted a cautious approach to "so-called 'summary witnesses,' who testify at the end of the government's case instead of the beginning." Id. at 18. The testimony of a summary witness must, by definition, be completely consistent with the other evidence introduced at trial. Id. (citing United States v. Stierhoff, 549 F.3d 19, 28 (1st Cir. 2008)). "[C]ourts have allowed such witnesses only in limited circumstances." Id. Courts are reluctant to permit the government to "present its case in a tidy package at the end of its presentation of evidence[.]" Id. at 19. "[E]ven when the summary evidence is, by definition, completely consistent with the rest of the trial record . . . the imprimatur problem with such repetitive testimony is inescapable whether that testimony comes at the beginning or end of the government's case. Id.

This is not the type of case where summary testimony is necessary or even likely to be useful to the trier of fact. The allegations are not so lengthy or complex as to be overwhelming to the jury. This is in stark contrast to the types of cases

5

...

where summary testimony has been permitted, most commonly in tax evasion cases. See e.g. Stierhoff, 549 F.3d at 28; United States v. McElroy, 587 F.3d 73 (1st Cir. 2009). A summary of the government's entire case goes well beyond the scope of Rule 1006 of the Federal Rules of Evidence, which permits summaries of "writings, recordings, or photographs that cannot be conveniently examined in court." Summary testimony would serve no legitimate purpose in this case and should be rejected.

James J. Bulger,
By His Attorneys

CARNEY & BASSIL

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Henry B. Brennan*
Henry B. Brennan
B.B.O. #634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: June 11, 2013

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                      ) | Crim. No. 99-10371-DJC |
| ) | |
| JAMES J. BULGER         ) | |

**AFFIDAVIT SUPPORTING**
**DEFENDANT'S MEMORANDUM REGARDING OVERVIEW AND SUMMARY WITNESS TESTIMONY**

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: June 11, 2013

7