UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 99-10371-DJC |
| | ) | |
| JAMES J. BULGER, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION TO PRECLUDE IMPROPER CROSS-EXAMINATION

The United States of America, by and through its attorney, the United States Attorney for the District of Massachusetts, hereby respectfully requests that this Court preclude the Defendant from continuing to engage in a pattern of improper cross-examination. In support of this motion, the government states that the Defendant has engaged in a pattern of cross-examination, using the information contained within police reports in an attempt to establish that a witness has made a prior inconsistent statement. In so doing, the Defendant has published information in these reports even though the witness has neither adopted the information, nor admitted that it refreshed his recollection. For the reasons stated below, the Defendant should not be allowed to continue this practice during the cross-examination of government witnesses.

Rule 613 of the Federal Rules of Evidence provides that a witness may be examined by a prior statement made by the witness. Fundamental to the application of this rule is the foundational requirement that the examiner establish that the statement was, in fact, made by the witness.

Section 3500 of Title 18 of the United States Code defines witness statements as:

   a.   a written statement made by said witness and signed or otherwise adopted or approved by him;

   b.   a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness, and recorded contemporaneously with the making of such

        c.      oral statement; or

        c.      a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

A witness cannot be impeached on the stand at trial with a report that he/she did not write, adopt, or has not ever seen.  See Palermo v. United States, 360 U.S. 343 at 352-53 (1959) (Summaries written by an agent of an oral statement which evidence substantial selection of material, and rest on the memory of the agent, are not to be produced.); *accord* United States v. Wright, 540 F.3d 833, 842 (8th Cir. 2008) (Any alleged statements by the agent contained in his notes consist solely of that agent's impressions, and are not to be produced.); United States v. Williams, 962 F.2d 1218, 1224 (6th Cir. 1992) (Agent's notes were his own interpretations of what the witnesses had told him, and were at no time seen by the witness, and so cannot be used to impeach that witness.);  United States v. Hutul, 416 F.2d 607, 624 (7th Cir. 1969), *cert. denied* 396 U.S. 1007 (1970), *cert. denied* 396 U.S. 1012 (1970), *reh denied* 397 U.S. 1081 (1970), *cert. denied* 396 U.S. 1024 (1970) (The court refused to admit a statement on behalf of the defense that a witness denied having ever seen, in an unsuccessful attempt to refresh the witness' recollection.)

Although the discovery practice in this district has been to produce police reports such as FBI 302s to a defendant, the production of these documents does not magically convert them to statements of a witness that may be used to impeach the witness absent a proper foundation.

In United States v. Kot, No. 2:10-CR-00280-KJD, 2012 WL 1657118 at *2 (D. Nev. May 10, 2012)[1], the court recently held,

---

    1      A copy of Kot is attached hereto for the convenience of the Court.

> Defendant is precluded from using the 302s inconsistently with the laws and rules of evidence.  Particularly, the contents of 302s may not be used to impeach witnesses on the basis of inconsistent statements, because the statements are not the statements of the witnesses themselves.  Defendant is precluded from quoting, publishing or suggesting to the jury in any way the contents of a 302 or that a 302 is a statement of a witness.  It would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations."  *Palermo*, 360 U.S. at 350.

See also, United States v. Brika, 416 F.3d 514, 529 (6th Cir. 2005) (holding that "such documents [FBI 302s] have been deemed inadmissible for impeaching witnesses on cross-examination"), *abrogated on other grounds by* United States v. Booker, 543 U.S. 222 (2005); United States v. Leonardi, 623 F.2d 746, 757 (2nd Cir. 1980) (holding that because the "written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"); United States v. Hill, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the 302 statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it").  Moreover, the defense may not use the 302 in a way that suggests to the jury that the 302 is a statement of the witness.  Kot, 2012 WL 1657118 at *2 (D. Nev. 2012); see United States v. Marks, 816 F.2d 1207, 1210-11 (7th Cir. 1987)(holding that where defense counsel read from a 302 during cross-examination in a way that would "seem authoritative" and potentially confuse the jury, the judge was entitled to require the witness be shown the 302 and given the opportunity to adopt or reject it as a statement, although such a practice was no longer required by the federal rules of evidence).

    The First Circuit has clearly held that an FBI 302 does not constitute the statement of a

witness.  See United States v. Foley, 871 F.2d 235, 239 (1st Cir. 1989). (Only those statements which can properly be called the witness' own words, and not those of a government agent, should be made available to the defense for the purposes of impeachment.)

In the case at bar, Defendant's practice of reading from a report not in evidence without establishing a foundation that the witness adopted the information in the FBI 302 amounts to the introduction of extrinsic evidence. See United States v. Saget, 991 F.2d 702, 710 (11th Cir. 1993). Numerous courts have rejected this practice.  See, e.g., id. at 711 ("The district court properly exercised its discretion in requiring the proper foundation be laid with respect to the agent's summary."); United States v. Adames, 56 F.3d 737, 744-45 (7th Cir. 1995) (following Saget); Kot, 2012 WL 1657118 at *2 (D. Nev. 2012) ("Defendant is precluded from quoting, publishing or suggesting to the jury in any way the contents of a 302 or that a 302 is a statement of a witness.")

The manner in which the Defendant has proceeded thus far in this case has been unfair to the witnesses and prejudicial to the United States.  Therefore, the government respectfully requests that the Court instruct the Defendant that he is precluded from publishing the contents of a police report until he has laid a proper foundation.

    Respectfully submitted,

    CARMEN M. ORTIZ
    United States Attorney

By:  /s/ Fred M. Wyshak Jr.
    FRED M. WYSHAK, JR.
    BRIAN T. KELLY
    ZACHARY R. HAFER
    Assistant U.S. Attorneys

Dated: June 20, 2013

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                          /s/ Fred M. Wyshak, Jr.
                                          FRED M. WYSHAK, JR.
                                          Assistant U.S. Attorney