```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


                              )
UNITED STATES OF AMERICA      )
                              )
V.                            )        NO.  99-CR-10371-DJC
                              )
JAMES J. BULGER               )
                              )
```

**DEFENDANT'S MOTION TO ADMIT STATEMENTS OF PROSECUTORS**

The defendant, James J. Bulger, moves to admit statements of Department of Justice attorneys made in related criminal cases. The defendant specifically moves to admit portions of the opening statement of AUSA John Durham in <u>United States v. Connolly</u>, portions of the opening statement of AUSA Fred Wyshak in <u>Florida v. Connolly</u> and another statement of AUSA Wyshak made during oral argument in <u>Florida v. Connolly</u>. Transcripts of these statements are attached hereto as exhibits. The defendant previously briefed the Court on this issue. <u>See</u> <u>Defendant's Memorandum of Law in Regards to Admission of Statements of Prosecutors</u> (ECF Dkt. 968)[1]. The defendant has attached the memorandum hereto as Exhibit "A". The defendant incorporates and renews the arguments made in the memorandum and now moves for a ruling on the admissibility of the proffered statements.

---

[1] That memorandum also references a statement of AUSA Brian Kelly regarding Patrick Nee. The defendant intends to move to admit that statement at a later date.

1

**Statements of the Prosecutors**

1. <u>Opening Statement of AUSA John Durham in United States v. Connolly</u>:

   You will hear about a very different kind of relationship, a personal relationship, a relationship in which the evidence will show bribes were paid to people, justice was obstructed, extortion was committed, reports were filed to the FBI by Mr. Connolly that were either full of misstatements or that omitted material pieces of information. . .

   <u>United States v. Connolly</u>, No. 99-10428 (D. Mass.)(trial transcript, dated May 8, 2002), at 13.

   (Relevant portions attached hereto as Exhibit "B")

2. <u>Opening Statement of AUSA Fred Wyshak in Florida v. Connolly</u>:

   Now, in order to support his decision to recruit James Bulger as an FBI informant, the defendant represented to his supervisors in the FBI that James Bulger, or Jim Bulger, could help them in this war on the mafia, or you may hear some witnesses call it La Cosa Nostra. The problem was Jim Bulger really couldn't help that much. He was an Irish guy from Southie, really didn't hang around in the [N]orth [E]nd with the Italian Mafia, principally hung around, but well get back to that a little later . . .

   <u>State of Florida v. John Connolly</u>, F01-8287 (11th Judicial Circuit)(trial transcript, dated Sept. 15, 2008), at 1050-51.

   . . . its [sic] Stephen Flemmi who really has got the information that the defendant needs, but you will see that for years, until about September of 1980, all the documentation at the FBI and all the information regarding the mafia or La Cosa Nostra, is documented under Jim Bulger's name.

   <u>Id.</u> at 1066-67.

   (Relevant portions attached hereto as Exhibit "C")

3. <u>Oral Argument of AUSA Fred Wyshak in Florida v. Connolly</u>:

> The government has alleged and will be alleging that Mr. Connolly created false reports during his operation of these informants to mislead other investigators away from their criminal activity and to falsely justify their continuation as FBI informants. We are going to elicit evidence those reports are false and contain false information.
>
> <u>Connolly</u>, (transcript of oral argument on motions in limine, dated Sept. 12, 2008), at 1004.

(Relevant portions attached hereto as Exhibit "D")

**Argument**

As set forth in the defendant's prior memorandum of law, the proffered statements are relevant because they contradict the government's assertion that James Bulger was an informant for the F.B.I. They show that the defendant's so-called informant file is a work of fiction created by John Connolly to conceal his corrupt relationship with the defendant. The prosecutors' statements are not hearsay because they are statements by an opposing party under Federal Rule of Evidence 801(d)(2). "Rule 801(d)(2) itself provides no support for the argument that party admissions operate differently against the government; it contains no language whatsoever that targets statements made or adopted by government agents." Anne Bowen Poulin, <u>Party Admissions in Criminal Cases: Should the Government Have to Eat Its Words?</u> 87 Minn. L. Rev. 401, 415 (2002-2003). The statements by AUSAs Durham and Wyshak are

3

statements of the government and are therefore admissible against the government.

The admissibility of these statements has taken on a renewed urgency in light of the government's indication that it intends to introduce the defendant's so-called informant file during testimony within the next two days. The statements that the defendant seeks to admit bear directly on the accuracy and reliability of that file. The Court's ruling may affect the nature and scope of defense counsel's cross-examination of the authenticating witness. It is imperative that the Court rule upon the admissibility of the proffered statements as soon as possible.

For these reasons and those set forth in the defendant's prior memorandum of law, the defendant asks that this motion be allowed.

James J. Bulger,
By His Attorneys

CARNEY & BASSIL

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Henry B. Brennan*
Henry B. Brennan
B.B.O. #634036

```
                                        Carney & Bassil
                                        20 Park Plaza, Suite 1405
                                        Boston, MA 02116
                                        617-338-5566
Dated: June 20, 2013
```

### Certificate of Service

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | NO.  99-CR-10371-DJC |
| | ) | |
| JAMES J. BULGER | ) | |

**AFFIDAVIT SUPPORTING DEFENDANT'S MOTION TO ADMIT STATEMENTS OF PROSECUTORS**

I, J. W. Carney, Jr., state that the facts contained in the attached memorandum of law are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: June 20, 2013

6