UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | NO.  99-CR-10371-DJC |
| ) | |
| JAMES J. BULGER ) | |

## DEFENDANT'S MOTION TO SET ASIDE LOCAL RULE 83.2A

The defendant, James J. Bulger, moves that this Court set aside Local Rule 83.2A and permit counsel for the defendant to make extrajudicial statements as permitted by Rule 3.6 of the Massachusetts Rules of Professional Responsibility. As grounds therefore, the defendant states that Rule 83.2A impermissibly infringes upon the First Amendment free speech rights of his attorneys and the defendant's Sixth Amendment right to the effective assistance of counsel. The rule is unconstitutionally overbroad and unjustifiably imposes an almost total prohibition on public statements by attorneys during the course of the trial. The defendant moves this Court to find that Rule 83.2A is unconstitutional.

### Background

This case has garnered a level of public interest that is unprecedented in this Circuit. The seriousness and scope of the allegations, the shocking depths of the government's corruption,

and the public's justifiable sympathy for the family members of the victims have created an enormous degree of media attention and public discourse. It has spawned a mini-industry of Bulger-related books, news articles and film projects. Stories and interviews about Mr. Bulger have saturated the print, television and radio media in the Boston area since his June 2011 arrest. This trend continues with every passing trial day.

The overriding tenor of the media coverage has been adverse to the defendant. Prominent local newspapers have launched personal attacks against him on a regular basis. While jury selection was ongoing, the Boston Globe published an *ad hominem* attack against Mr. Bulger in the form of a column entitled "'Whitey' Bulger is sublimely vindictive."[1] This pattern has continued since the trial began. Mr. Bulger's defense has been characterized as a "fantasy land."[2] Another columnist claimed credit for "doing my best to make 'Bulger' a household word, kind of like Hitler and Pol Pot."[3] Press conferences have become a daily occurrence in front of the courthouse after each day's proceedings. After his testimony on June 13, government witness Colonel Thomas Foley (ret.) of the Massachusetts State Police addressed the media, commenting that "to see those types of

---

[1] Kevin Cullen, 'Whitey' Bulger is Sublimely Vindictive, Boston Globe, June 7, 2013.
[2] Kevin Cullen, Defense Sketching Out a Fantasy Land, Boston Globe, June 13, 2013.
[3] Howie Carr, See You in Court, Whitey, Boston Herald, June 11, 2013.

weapons and to think about the type of hands they were in for so many years is pretty chilling."[4]  Colonel Foley was one of the lead investigators pursuing Mr. Bulger and is for all practical purposes a member of the prosecution team.

The defendant has no voice in this discourse. He is a prisoner of the federal government. His attorneys are barred by Rule 83.2A from speaking on his behalf. The defendant is a mere bystander in the heated public conversation surrounding his life and trial.

**Argument**

Local Rule 83.2A is an overly broad provision that impermissibly burdens the First Amendment free speech rights of defense counsel. Although they have the force of law, "[a] local rule must be both constitutional and rational, and its subject matter must be within the ambit of the court's regulatory power." Stern v. U.S. Dist. Court for Dist. of Mass., 214 F.3d 4, 13 (1st Cir. 2000). "When a state regulation implicates First Amendment rights, the Court must balance those interests against the State's legitimate interest in regulating the activity in question." Gentile v. State Bar of Nevada, 501 U.S. 1030, 1075 (1991). Rule 83.2A does not strike a balance. It prohibits virtually all public statements by attorneys during the course

---

[4] Former Mass. State Police Col. Foley testifies against Bulger, NECN (June 14, 2013), http://www.necn.com/06/14/13/Former-Mass-State-Police-Col-Foley-testi/landing_newengland.html?blockID=843849&tagID=70922

of trial:

> During the trial of any criminal matter, including the
> period of selection of the jury, no lawyer or law firm
> associated with the prosecution or defense shall give
> or authorize any extrajudicial statement or interview
> relating to the trial or the parties or issues in the
> trial which a reasonable person would expect to be
> disseminated by means of public communication, except
> that the lawyer or law firm may quote from or refer
> without comment to public records of the court in the
> case.

The Supreme Court has held that the free speech rights of

attorneys may be circumscribed in relation to ongoing

litigation. Gentile, 501 U.S. at 1071-1072; In re Sawyer, 360

U.S. 622 (1959). Rule 83.2A, however, is substantially broader

than other restrictions on attorney speech that the Supreme

Court has upheld. In Gentile, a majority of the court recognized

the authority of state courts to enact a rule prohibiting

attorneys from making public statements if he "knows or

reasonably should know that it will have a substantial

likelihood of materially prejudicing an adjudicative

proceeding."[5] Gentile, 501 U.S. at 1033. The court noted that the

"'substantial likelihood of material prejudice' standard

constitutes a constitutionally permissible balance between the

First Amendment rights of attorneys in pending cases and the

State's interest in fair trials." Id. at 1075. The court

---

[5] In a separate part of the opinion a majority of the Court held that the
particular Nevada rule at issue was void for vagueness. See Id. at 1048-1051.

observed that the state court rule "imposes only narrow and necessary limitations on lawyers' speech." Id.

The portion of Rule 83.2A applicable to an ongoing trial stands in stark contrast to the rule at issue in Gentile. The rule in Gentile was "limited on its face to preventing only speech having a substantial likelihood of materially prejudicing that proceeding." Gentile, 501 U.S. at 1076. Rule 83.2A has no such limitation. It imposes a total ban on any statements other than references to court records. It maintains no balance between attorneys' freedom of speech and the State's interest in fair trials. This is a far cry from the "narrowly tailored" restraint on speech at issue in Gentile. Id. at 1076.

There is no authority in support of a restriction on attorney speech as broad as the one imposed during trial by Rule 83.2A. Courts upholding restrictions on out-of-court statements by attorneys, litigants and witnesses have generally done so to protect a defendant from prejudicial extrajudicial commentary that could affect a fair trial of the defendant. See e.g. Sheppard v. Maxwell, 384 U.S. 333, 361 (1966)(trial judge should have restricted extrajudicial statements of counsel to protect defendant from prejudicial effects of negative publicity); see also In re Russell, 726 F.2d 1007 (4th Cir. 1984)(gag order on witnesses upheld to protect the defendant's right to a fair trial).

Rule 83.2A is considerably broader than Massachusetts Rule of Professional Conduct 3.6 ("MRPC 3.6") which governs extrajudicial statements of counsel. Similar to the rule in Gentile, MRPC 3.6 bars only those statements that "have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." MRPC 3.6(a). The rule also allows that "a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client." MRPC 3.6(c).

The absence of any provision in Rule 83.2A allowing an attorney to respond to negative publicity renders the rule overbroad. It also infringes upon the defendant's Sixth Amendment right to effective assistance of counsel. "An attorney's duties do not begin inside the courtroom door. He or she cannot ignore the practical implications of a legal proceeding for the client. Just as an attorney may recommend a plea bargain or civil settlement to avoid the adverse consequences of a possible loss after trial, so too an attorney may take reasonable steps to defend a client's reputation . . ." Gentile, 501 U.S. at 1043 (opinion of Kennedy, J., joined by three Justices).

Rule 83.2A prevents counsel from performing this core function of a defense attorney. This problem has never been more

pronounced than in this case where the defendant is the subject

of a daily barrage of negative reporting and commentary. Rule

83.2A bars defense counsel from taking even modest steps to

answer media inquiries, present an alternate view of the

proceedings or correct public misconceptions about the case or

the defendant. Rule 83.2A muzzles defense counsel and leaves the

defendant with no means of responding to negative publicity.

Rule 83.2A's prohibition of extrajudicial statements is

particularly overbroad and unnecessary now that a jury has been

selected. The need to shield jurors from attorneys' out-of-court

statements is diminished because all seated jurors are

instructed to avoid all media coverage of the trial. "Jurors are

presumed to follow the court's instructions." United States v.

Freeman, 208 F.3d 332, 344 (1st Cir. 2000). Rule 83.2A

implicitly takes the opposite view. It presumes that jurors will

disregard the court's instructions and therefore must be

protected from attorneys who may seek to communicate with them

through the media. This dubious presumption does not justify the

sweeping curtailment of attorney speech created by Rule 83.2A.

It is in the public interest for this Court to set aside

the strictures of Rule 83.2A. There is an intense scrutiny of

these proceedings not only because of the allegations against

the defendant but also because of the culpability of the federal

government in the offenses alleged in the indictment. "The First

Amendment reflects a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." Snyder v. Phelps, 131 S. Ct. 1207, 1215, (2011)(internal quotations omitted). "[S]peech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection." Connick v. Myers, 461 U.S. 138, 145 (1983)(internal citations omitted). The public would be well-served by a vigorous public discourse reflecting the views of all involved parties.

For all of these reasons, the defendant moves that this Court permit his attorneys to respond to media inquiries and make extrajudicial statements that are "required to protect [the defendant] from the substantial undue prejudicial effect of recent publicity." MRPC 3.6(c). Defense counsel would remain bound by MRPC 3.6 and would not make any comments that have a substantial likelihood of materially prejudicing any aspect of this case. The defendant and attorneys have no intention of trying this case in the media. They seek only to defend his reputation and provide the public with a fuller, fairer understanding of this historic trial.

James J. Bulger,
By His Attorneys

CARNEY & BASSIL


*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Henry B. Brennan*
Henry B. Brennan
B.B.O. #634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: June 22, 2013


<u>Certificate of Service</u>

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                           |   |                          |
|---------------------------|---|--------------------------|
| UNITED STATES OF AMERICA  | ) |                          |
|                           | ) |                          |
| V.                        | ) | Crim. No. 99-10371-DJC   |
|                           | ) |                          |
| JAMES J. BULGER           | ) |                          |
|                           | ) |                          |

**AFFIDAVIT SUPPORTING DEFENDANT'S MOTION TO SET ASIDE LOCAL RULE 83.2A**

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: June 22, 2013