UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
            v.              )   Crim. No. 99-10371-DJC
                            )
JAMES J. BULGER,            )
                            )
            Defendant.      )

GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT BULGER'S REQUEST TO SET ASIDE LOCAL RULE 83.2A SO HE CAN MAKE STATEMENTS OUTSIDE THE COURTROOM IN THE MIDST OF A PENDING CRIMINAL TRIAL

In a strange mid-trial filing (ECF Dkt. No. 1051), defense counsel seeks permission to do exactly what the United States Supreme Court has forbidden: make extrajudicial statements that help foster a "carnival atmosphere" during trial. Sheppard v. Maxwell, 384 U.S. 333, 358 (1966). The jurors in this case have been repeatedly warned by the Court to avoid media accounts of the pending trial. Yet Bulger's motion essentially seeks to influence the jury by creating positive press coverage – something the jurors are duty bound to ignore!

Shortly before trial, Bulger spent considerable time trying to bar certain reporters from the courtroom. He now complains that he has no "voice" in the media if he is not allowed to have his attorneys give press conferences outside the courtroom in the midst of trial. Bulger, who has five taxpayer-funded attorneys in the courtroom helping him find his "voice," can

also exercise his actual voice from the witness stand if he so chooses – subject of course to cross-examination.

On his website, defense counsel holds himself out as an expert on "how to use enhanced media attention for the client's benefit" in high-profile cases.[1]  Of course, Local Rule 83.2A prohibits defense counsel's use of publicity as a litigation strategy.  As one court in this district summarized, "Local Rule 83.2A represents part of this District Court's response to the **Supreme Court's** direction that: 'The courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences.  Neither prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function.'" United States v. Flemmi, 233 F. Supp. 2d 113, 116 (quoting Sheppard, 384 U.S. at 363.

Similarly, the First Circuit has held that rampant publicity can justify "stringent judicial measures" to safeguard the fairness of court proceedings.  United States v. Kelly, 722 F.2d 873, 879 (1st Cir. 1983).  See also, United States v. Scarfo, 263 F.3d 80, 94 (3d Cir. 2001) ("Preventing a 'carnival atmosphere' in a high profile case is also a legitimate reason to gag an attorney").

---

[1] J.W. CARNEY, JR., http://carneybassil.com/team/carney.

Accordingly, the government respectfully requests that defendant's motion be denied.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: */s/ Brian T. Kelly*
BRIAN T. KELLY
FRED M. WYSHAK, JR.
ZACHARY R. HAFER
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 23, 2013.

*/s/ Brian T. Kelly*
Brian T. Kelly
Assistant U.S. Attorney

Dated: June 23, 2013