UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 99-10371-DJC |
| ) | |
| JAMES J. BULGER, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S SUPPLEMENTAL MOTION TO PRECLUDE REFERENCE TO POLYGRAPH EXAMINATION ADMINISTERED TO KEVIN WEEKS

The United States of America, by and through its undersigned counsel, hereby respectfully makes this supplemental filing in support of its motion in limine (ECF Dkt. No. 933) to preclude any reference to the polygraph examination administered to Kevin Weeks on January 26, 2000. Despite the Court's explicit instruction to defense counsel that he was not to make any reference the polygraph during his opening statement, defense counsel blatantly ignored the Court's order. On June 7, 2013, the following colloquy occurred:

THE COURT: Okay. And the same goes as to the issue that I think I had already suggested I wasn't going to decide now, and that's the issue of mentioning polygraph to Mr. Weeks. I think, Mr. Carney, you were of the view that I didn't need to resolve this now and you weren't planning on opening on it, as I recall.

MR. CARNEY: **That's correct.**

THE COURT: Okay. At this juncture I would say no mention of it can be made in your opening or in any regard before the jury until I make a decision. I will expect that counsel will

1

        raise this issue with me when we're getting closer to Mr. Weeks' testimony.

On June 12, 2013, defense counsel declared in his opening statement:

> MR. CARNEY: So Weeks makes his deal. He says, I'll come in, I'll testify completely and truthfully about everything. And they're listening to him. They say, Well, let me ask you something, didn't you use a gun to extort someone once? No. I'm going to give you a polygraph. After the polygraph –
>
> MR. KELLY: Judge –
>
> MR. CARNEY: -- same story, Mr. Weeks? No, I guess not. I submit that Kevin Weeks can't tell the truth….

**ARGUMENT**

As set forth in its May 23, 2013 motion in limine, the government respectfully asks this Court to prohibit defense counsel from mentioning the polygraph examination administered to Weeks on the grounds that it has minimal probative value, is not admissible under First Circuit precedent, and presents a significant risk of juror confusion and potential prejudice.[1]

---

[1] The exam covered two issues: 1) whether any force or coercion was used in connection with the 1984 transaction in which Weeks and associates acquired the South Boston Liquor Mart from Stephen and Julie Rakes; and 2) whether there was any preexisting agreement between Weeks and Michael Linskey to share in the proceeds of a winning 1991 Mass Millions lottery ticket or whether any monies were paid to Michael Linskey in connection with Weeks acquiring a share in the ticket. The results of the polygraph were "deception indicated" as to the liquor store and "no deception indicated" as to the lottery ticket. Immediately

There is no dispute that the United States has produced extensive evidence of Weeks' inconsistent versions of the Rakes extortion, and the government does not contest the defense's right to vigorously question Weeks about such inconsistent statements. However, the *means* by which prosecutors learned such information, i.e., the polygraph examination, is not an appropriate subject for cross-examination. To the extent that there is any probative value in the *means* by which prosecutors learned this information, the balancing test under Federal Rule of Evidence 403 weighs heavily in favor of excluding it. Rule 403 states that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Excluding any reference to a polygraph test administered to a witness is not an abuse of discretion when the defense is permitted to cross-examine the witness as to the inconsistent statements. United States v. Fraser, 206 Fed.Appx. 100, 101 (2d Cir. 2006).

The First Circuit has routinely rejected the admission of polygraph evidence, finding its probative value substantially outweighed by the danger of unfair prejudice, confusion of the

---

after the polygraph examination, Weeks admitted that coercion had been used in connection with the acquisition of the liquor store. In fact, he subsequently pled guilty to charges relating to the extortionate acquisition of the liquor store.

3

issues, or misleading the jury. United States v. Mare, 668 F.3d 35, 42 (1st Cir. 2012), cert. denied, 132 S. Ct. 2758 (U.S. 2012); United States v. Rodriguez-Berrios, 573 F.3d 55, 73 (1st Cir. 2009); United States v. Zaccaria, 240 F.3d 75, 80-81 (1st Cir. 2001); DeVries v. St. Paul Fire and Marine Insurance Company, 716 F.2d 939, 945 (1st Cir. 1983).

Mindful of prevailing popular notions regarding the validity of a polygraph, the courts have held that when a polygraph examination is referenced at trial, "it is likely to be shrouded with an aura of near infallibility." United States v. Alexander, 526 F.2d 161, 168-69 (8th Cir. 1975); see United States v. A&S Council Oil Co., 947 F.2d 1128, 1132 (4th Cir. 1991). Thus, even the mere mention of a polygraph test would likely divert the jury's attention from the real issues in the case. United States v. Gilliard, 133 F.3d 809, 815-16 (11th Cir. 1998). Moreover, referencing a polygraph test in a cross-examination or closing argument runs the risk of impermissibly bolstering or weakening a witness's credibility. United States v. Tedder, 801 F.2d 1437, 1444 (4th Cir. 1986); United States v. Brevard, 739 F.2d 180, 182 (4th Cir. 1984); see United States v. Hilton, 772 F.2d 783, 785 (11th Cir. 1985) (reference to polygraph examinations impermissibly bolstered the credibility of government witnesses and deprived the parties of a fair trial).

Particularly where, as here, the defense has abundant evidence to demonstrate Weeks' inconsistent versions of the Rakes extortion, the defense has no legitimate reason to mention the polygraph test itself.  The defense's assertion, without citation or authority, that the value of referencing the polygraph outweighs the danger of unfair prejudice is without merit.  In <u>United States v. Varoudakis</u>, the district court excluded both any reference to and the results of a polygraph test, finding that the potential probative value to the defendant was outweighed by the risk of the jury incorrectly attaching too much dispositive weight to the test.  1998 WL 151238 (D. Mass. 1998).

The First Circuit has found otherwise <u>only</u> where the administration and results of a polygraph examination were tied to the testimonial obligations of a witness <u>through his plea agreement</u> and, thus, bore directly on his credibility.  In <u>United States v. Lynn</u>, the First Circuit reversed the district court for refusing to allow defense counsel to question a government witness about the clause <u>in his plea agreement</u> that required him successfully to complete a polygraph examination. 856 F.2d 430, 432-34 (1st Cir. 1988).  In contrast to Weeks' plea agreement, the plea agreement at issue in <u>Lynn</u> specifically stated that the "failure to take or to successfully complete such [polygraph] examination may result in the nullification of

5

this agreement at the sole discretion of the United States Attorney." Id. at 432. The government's witness in Lynn pointedly recognized that a successful polygraph examination by him was a prerequisite to his agreed-upon bargain with the United States ("I *had* to pass a polygraph test."). Id. (emphasis added). In that context – one in which the witness himself acknowledged the necessity of a particular result in order for him to receive the favorable benefits of the agreed-upon bargain – the court held that cross-examination regarding the polygraph was warranted. Id. at 433-34. Weeks' plea agreement does **not** contain such a polygraph requirement; indeed, Weeks voluntarily subjected himself to a polygraph exam **prior** to entering into any plea agreement with the government. In short, there is no legitimate reason for the defense to broach this subject during cross-examination or closing argument.

The guidance of the Eighth Circuit in circumstances similar to those surrounding the polygraph in this case is instructive. In United States v. Earley, the Eighth Circuit found that the trial court properly exercised its discretion in refusing to admit polygraph results where the test had been administered by the prosecution primarily for investigatory purposes and not as an attempt by the prosecution to indicate the trustworthiness of its witness regarding a plea bargain. 657 F.2d 195, 198 (8th Cir. 1981). Because the polygraph examination was not a part of

6

an agreed-upon bargain between the United States and the witness, any cross-examination concerning the results of that polygraph examination or even a reference to the fact of the polygraph was deemed to be inappropriate. 657 F.2d at 196-98.

## CONCLUSION

Accordingly, pursuant to Fed. R. Evid. 403 and the First Circuit's decisions in Mare, Rodriguez-Berrios, Zaccaria, and DeVries, the government respectfully requests that this Court order defense counsel to make no further reference to the polygraph examination conducted during the investigation of this case.

> Respectfully submitted,
>
> CARMEN ORTIZ
> United States Attorney
>
> By: /s/ Brian T. Kelly
> BRIAN T. KELLY
> FRED M. WYSHAK, JR.
> ZACHARY R. HAFER
> Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 23, 2013.

> /s/ Brian T. Kelly
> Brian T. Kelly
> Assistant U.S. Attorney

7