```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

                              )
UNITED STATES OF AMERICA      )
                              )
V.                            )        NO.  99-CR-10371-DJC
                              )
JAMES J. BULGER               )
                              )
```

**DEFENDANT'S MEMORANDUM REGARDING ADMISSION OF THE SO-CALLED INFORMANT FILE**

The defendant, James J. Bulger, files this memorandum regarding the admission of the defendant's alleged informant file.

There are three potential bases for the admission of all or parts of the informant file. One such basis would be to admit the portions of the file as admissions made by a party-opponent under Rule 801(d)(2)(A). The government claims that certain statements contained in the informant file were made by the defendant and are admissible on that basis.[1] This theory of admissibility is not available to the government in this case because the author of the reports, John Connolly, is not a witness. The government cannot establish that Bulger made these statements without Connolly's testimony and therefore cannot authenticate them as statements of the defendant. Moreover, admission of any statements alleged to have been made by the defendant would violate the defendant's confrontation rights

---

[1] "Of course, Bulger's statements are also admissible as admissions." ECF Dkt. 924 at 1.

1

unless Connolly was available for cross-examination at trial. See Crawford v. Washington, 541 U.S. 36 (2004).

The second potential basis for admission of the informant file is as statements of a coconspirator under Rule 801(d)(2)(E). The government has moved to admit the informant file under this theory. See ECF Dkt. 924. The defendant recognizes that the reports are admissible against the defendant under this theory if the government is able to establish that Connolly made the statements in furtherance of a conspiracy to which Bulger was a party. This does not however establish that Bulger actually made the statements that have been attributed to him by Connolly. It means only that Connolly attributed the statements to Bulger in furtherance of the conspiracy.

The third potential basis for admissibility is that portions of the informant file are not hearsay because they are not being offered for the truth of the matter asserted therein. Hearsay is an out-of-court statement that "a party offers in evidence to prove the *truth* of the matter asserted in the statement." Fed. R. Evid. 801(c)(emphasis added). Reports are not hearsay if they are offered to show that there were alternate sources for information that Connolly attributed to Bulger. When offered for this purpose, the truth of the statements is irrelevant. It does not matter whether an informant's information was true. What matters is that this

information was present in government files and that Connolly had access to it. The defendant is entitled to introduce documents for this purpose during the cross-examination of Special Agent James Marra. The government has conceded in past cases that Connolly fabricated reports in the defendant's informant file. The defendant agrees and intends to show that much of the information contained in those reports was available to Connolly from other sources in the possession of the F.B.I.

One example involves information falsely attributed to Bulger about the Italian Mafia's plan to murder a man named "H.C."[2] Connolly filed a report on April 27, 1981 claiming that Bulger – identified by his informant code BS 1544-OC – had told Connolly ten days earlier that H.C. was likely to be killed by "Boston people" close to Gerry Anguilo of the Italian Mafia. Bates # 00085702. Connolly's report indicated that Bulger had learned this information from a man named "J.C." Id. Connolly attributed this information to Bulger yet the F.B.I. had already received the exact same information from other sources well before Connolly's supposed conversation with Bulger. On February 9, 1981, the F.B.I.'s wiretap at 98 Prince Street captured a conversation between "J.C." and a high-ranking member of the Mafia, "I.Z", in which "I.Z" stated, "This [H.C.] I'm going to

---

[2] The defendant intends to introduce a large number of government reports for the purpose of showing that Connolly had access to alternate sources of information. "H.C." is but one example. The defendant has elected to use initials in this motion in lieu of certain individuals' full name.

3

kill him." Bates # 00325765. On April 23, 1981, four days before Connolly filed his report, the F.B.I. intercepted another conversation involving "J.C.", "I.Z." and others in which "I.Z" said, "I want to kill [L.C.] very shortly." Bates # 00015999. The defendant will offer these documents to show their similarity to Connolly's entries in the Bulger informant file and to show that the information contained in these reports was available for Connolly's use when he fabricated the assertion that the information came from Bulger. They are not hearsay when offered for this purpose because they are not being offered for their truth.

    The government documents that the defendant intends to use to show alternate sources for the information attributed to Bulger were given to the defense by the prosecution. The defendant has not been able to determine the provenance of many of these documents. To the extent that there is a challenge on grounds of foundation or authentication, it would be necessary to call someone from the U.S. Attorney's Office to testify as to where they obtained the reports.

    To contrast the defendant's informant file with the alternate sources containing the same information, the defendant will introduce the version of the informant file that was initially provided in discovery. The government has indicated that it will introduce a different copy of the informant file

4

that has brand new Bates numbers on it. The defendant has no choice but to offer as a separate exhibit the version previously provided in discovery that has the original Bates numbers because that is the version upon which the cross-examination will be conducted.

                        James J. Bulger,
                        By His Attorneys

                        CARNEY & BASSIL

                        */s/ J. W. Carney, Jr.*
                        J. W. Carney, Jr.
                        B.B.O. # 074760

                        */s/ Henry B. Brennan*
                        Henry B. Brennan
                        B.B.O. #634036

                        Carney & Bassil
                        20 Park Plaza, Suite 1405
                        Boston, MA 02116
                        617-338-5566

Dated: June 23, 2013

<u>Certificate of Service</u>

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

                        */s/ J. W. Carney, Jr.*
                        J. W. Carney, Jr.

```
                        UNITED STATES DISTRICT COURT
                         DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                       ) | Crim. No. 99-10371-DJC |
| ) | |
| JAMES J. BULGER          ) | |

**AFFIDAVIT SUPPORTING DEFENDANT'S MEMORANDUM REGARDING ADMISSION OF THE SO-CALLED INFORMANT FILE**

I, J. W. Carney, Jr., state that the facts contained in the attached memorandum are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: June 23, 2013