"REVISED PAGE 1"

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPREME JUDICIAL COURT
                                                FOR SUFFOLK COUNTY
                                                No. SJ-96-0096

J. W. CARNEY, JR. and JANICE BASSIL

vs.

A JUSTICE OF THE SUPERIOR COURT

MEMORANDUM OF DECISION CONCERNING ORDER
RESTRICTING COUNSELS' EXTRA-JUDICIAL STATEMENTS

I need consider the trial judge's order only as it restricts public statements of counsel made after selection of the jury. On February 9, 1996 (the date of the order), the Salvi jury had been selected, and by February 22, 1996, when the petition seeking relief from this Court was filed, the presentation of evidence was well underway. Problems generated by publicity occurring before jury selection are different from those occurring after jury selection. Before trial, potential jurors may be prejudiced or influenced by publicity. One of the reasons for limitations on lawyers' extrajudicial speech is to prevent prejudice to the jury venire, a consideration not present on the date of the order.

Once a jury is selected in a criminal case, the influence, if any, of publicity takes a different form. First, jurors are told repeatedly not to discuss, to read about, or to listen to news reports or commentary about the case. The conclusion that counsel must be restrained in their public comments after jury

selection assumes that jurors will disregard the judge's instructions that they not discuss the case or consider media presentations about the case. It also assumes that a carefully selected jury has one or more members who will not only disregard those instructions but will also be influenced by that extra-judicial information and will disregard the judge's instructions that the case be decided solely on evidence presented in court. In theory, whatever counsel may say publicly, after jury selection, should never come to the attention of the jurors during their service as jurors. In theory, after jury selection, no order restricting counsels' public statements should be needed (except perhaps as to statements that might adversely affect a retrial).

In practice, however, as all the parties before me granted, media attention may have some effect on a juror: (a) directly or indirectly, because of association with relatives, friends, and acquaintances, or (b) by a juror's disregarding the judge's instructions not to discuss, read about, or listen to matters relating to the trial.

This possibility of a juror receiving publicity or being affected by publicity exists even if a court order bars or restricts counsel's public statements. One factual question in this case, not acknowledged directly in the judge's order, is whether restrictions on counsel's public statements are necessary in light of the publicity that will exist in any event. What

-3-

basis is there for concluding that public comments of counsel at this stage of the proceeding will adversely affect the quality or quantity of publicity?

I agree with the judge that the provisions of the current Supreme Judicial Court disciplinary rule concerning trial publicity are subject to question as intruding impermissibly on rights of free speech. She rightly did not apply the restrictive provisions of DR 7-107(D). The restriction of DR 7-107(D) that bars statements "reasonably likely to interfere with a fair trial" is too broad and arguably too vague. The judge appropriately noted proposed Massachusetts Rule of Professional Conduct 3.6 which would bar a lawyer from making a public statement "if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing" a proceeding. Such a restriction appears to meet current First Amendment requirements. See Gentile v. State Bar of Nevada, 501 U.S. 1030, 1075 (1991). It should be noted, however, that most of the Supreme Court's analysis supporting the language of ABA Model Rule 3.6 (proposed to be adopted in Massachusetts) concerns the effects of pre-trial publicity.

The judge adopted the standard that an extrajudicial statement may be barred only if such a statement "will have a substantial likelihood of materially prejudicing" the proceeding. She also recognized that any prior restraint on speech must be based on detailed findings of fact that identify a compelling

interest that the restraint will serve. Care and Protection of Edith, 421 Mass. 703, 705 (1996). It is also important, as the judge noted, that the restraint imposed not be more restrictive than some reasonable alternative. Id. See United States v. Salameh, 992 F.2d 445, 447 (2nd Cir. 1993). Without explicitly discussing sequestration of the jury as an alternative, although noting the possibility, the judge determined that there was no reasonable alternative to the entry of the February 9 order.

The judge did not focus sufficiently on facts that show that material prejudice would likely exist if the restraint were not imposed after jury selection. It is clear that the case has generated a lot of publicity focused on sensitive issues on which strong differing views are held. The judge's memorandum concerns the effects of pre-trial publicity and deals less fully with post-jury selection publicity. That memorandum does not explain how, after jury selection, extrajudicial comments of counsel will create a substantial likelihood of materially prejudicing the interests of the defendant or the Commonwealth in obtaining a fair trial. In what way are statements of counsel likely in a substantial way to prejudice a fair trial beyond the publicity that will exist anyway? The judge apparently has already concluded that jury sequestration is not necessary in the face of all the trial publicity that is not affected by the February 9 order. Findings of fact based on evidence must demonstrate a

compelling interest in the imposition of the restraint ordered. A conclusional statement that future publicity generated by counsel will create a substantial likelihood of material prejudice to a fair trial is not enough to warrant the order entered.

The judge did, however, make certain findings that the Commonwealth argues justify the issuance of the order. On page 13 of the judge's memorandum and order, she finds without differentiation as to source that "the attorney's statements and media publicity concerning this case are focused on the defendant and at times are of a sensational nature." She lists examples. She does not conclude that any pretrial statements of counsel were inappropriate or unethical and not protected by principles of free speech. Nor does she conclude that statements of counsel were more than attempts to balance negative publicity about the defendant. The judge was warranted in concluding, as she stated, "that the attorneys are regularly communicating extrajudicially with the media and it is reasonably likely they will continue to do so throughout trial."

The breadth of paragraph A1 of the February 9 order is not justified by the judge's findings and, in the absence of adequate findings (which may yet be forthcoming), paragraph A1 imposes an unconstitutional restraint on the free speech rights of counsel in this case. Findings that would support such an order may be possible, although once a jury has been selected, a finding of a

substantial likelihood that the jury will be materially prejudiced by publicity, particularly lawyer generated publicity, may not be easily made.

Subject to the further order of the Superior Court or this court, paragraph A1 shall be deleted from the order of February 9 and the following new paragraph shall be substituted:

> "1. Each attorney subject to this Order shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of a public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing the trial or verdict in this proceeding."

The facts found by the judge and circumstances that exist in all criminal trials justify such a limited restraint on the lawyers in this case.

The restriction of paragraph A7 of the order is directly (and intentionally) contrary to language in proposed Rule 3.6. Paragraph A7 bars protective comments from counsel made to counteract substantial undue prejudice from recent publicity not initiated by the lawyer or the client. The proposed rule would allow such a comment even if the comment would otherwise be barred by Rule 3.6. Although I see no need at this stage of this case for an affirmative right to make a statement beyond that permitted by revised paragraph A1, the prohibition of paragraph

-7-

A7 may inhibit the exercise of the right to speak publicly that paragraph A1, as revised, permits. Therefore, paragraph A7 should be deleted from the order. I note that "in some circumstances press comment is necessary to protect the rights of the client and prevent abuse of the courts." See <u>Gentile</u> v. <u>State Bar of Nevada</u>, 501 U.S. 1030, 1058 (1991) (Kennedy, J.).

A judgment shall be entered modifying paragraph A1 of the order of February 9, 1996, by deleting the present language of paragraph A1 and by inserting instead the language quoted above; by deleting paragraphing A7; and affirming the order of February 9, 1996, as so modified, with leave in the discretion of the Superior Court judge, from time to time, to make further findings and to modify the order of February 9, 1996, as herein modified.

*Herbert P. Wilkins*
Herbert P. Wilkins
ASSOCIATE JUSTICE

Entered: March 1, 1996

"REVISED PAGE 1"

COMMONWEALTH OF MASSACHUSETTS.

SUFFOLK, ss.                                SUPREME JUDICIAL COURT
                                            FOR SUFFOLK COUNTY
                                            No. SJ-96-0096


J. W. CARNEY, JR. and JANICE BASSIL

vs.

A JUSTICE OF THE SUPERIOR COURT

### JUDGMENT

This matter came before the Court, Wilkins, J., presiding, on a petition pursuant to G. L. c. 211, s. 3. There was argument by counsel for the parties and upon consideration thereof, and in accordance with Memorandum of Decision of this date:

It is ORDERED that

A. Paragraph A1 of the Norfolk Superior Court's order of February 9, 1996, entered in Criminal Action Nos. 99518-99524, is hereby deleted and the following inserted in place thereof:

> 1. Each attorney subject to this Order shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of a public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing the trial or verdict in this proceeding.

B. Paragraph A7 of the February 9, 1996, order is hereby deleted.

It is FURTHER ORDERED that the February 9, 1996, order, as so revised, is hereby approved with leave in the discretion of

-2-

the Superior Court judge, from time to time, to make further findings and to modify her order of February 9, 1996, as revised herein.

By the Court (Wilkins, J.),

*[signature]*
Assistant Clerk

Entered: March 1, 1996