```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

_____
                           )
UNITED STATES OF AMERICA   )
                           )
V.                         )         NO.  99-CR-10371-DJC
                           )
JAMES J. BULGER            )
                           )
_____)
```

### DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF WEAPONS AND MONEY SEIZED AT THE TIME OF HIS ARREST

The defendant, James J. Bulger, moves to exclude all evidence relating to money, firearms and any other weapons that were allegedly seized by law enforcement from the defendant's apartment at the time of his arrest on June 22, 2011. Admission of any such evidence would violate Rules 403 and 404 of the Federal Rules of Evidence (hereinafter, "Rule 403" and "Rule 404").

### Background

On June 22, 2011, the defendant was arrested at his apartment complex in Santa Monica, California by state and federal law enforcement officials. Investigators searched his apartment following his arrest. It is alleged that they discovered a large cache of weapons, including multiple firearms. It is also alleged that they recovered a significant amount of U.S. currency. The present indictment does not contain any charges stemming from his alleged possession of these items. The government has indicated that they intend to introduce

1

evidence relating to the items allegedly seized from the defendant's apartment.

## Argument

Rule 404(b) provides that evidence of a defendant's prior bad acts may not be admitted to prove his criminal character or propensity to commit crimes of the sort for which he is on trial. United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000). To admit evidence of prior bad acts, a trial court must find that the evidence passes two tests. First, the evidence must have "special relevance" to an issue in the case such as intent or knowledge, and must not include "bad character or propensity as a necessary link in the inferential chain." Id. (citing United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996)). Second, under Rule 403, evidence that is specially relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Id. Evidence should be excluded under Rule 403 where there is a "genuine risk that the emotions of the jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." United States v. Mount, 896 F.2d 612, 623 (1st Cir. 1990)(quoting United States v. Fields, 871 F.2d 188, 198 (1st Cir. 1989)).

Any evidence of firearms, weapons or large quantities of cash is classic "bad act" evidence and must be excluded. This

2

...

evidence fails both prongs of the two-part test for admission of bad act evidence. First, these items have no "special relevance" to any disputed issue in this case. The defendant is not charged with anything relating to his time in California. His alleged possession of weapons and cash in California has no bearing on any aspect of the indictment. The racketeering conspiracy set forth in the indictment is alleged to have run "[f]rom in or before 1972 and continuing until in or about 2000 . . . ." ECF Dkt. 215 at 19. Items seized over a decade after the conspiracy ended have no relevance whatsoever to the defendant's intent, motive, identity or any other issue in this case.

Even if the proffered evidence satisfied the first prong of the analysis, it must be excluded because its probative value is substantially outweighed by the danger of unfair prejudice. <u>Varoudakis</u>, 233 F.3d at 118; Fed. R. Evid 403. The prejudicial nature of the firearms is significant. The defendant is charged with numerous murders involving the use of firearms and several offenses alleging illegal possession of firearms. The government cannot show that the guns allegedly located in the defendant's apartment were connected to any of the charged murders. Absent such a showing, the sole effect of admitting the firearms would be to portray the defendant as a violent person with a predisposition towards firearms. This propensity evidence is highly prejudicial and utterly irrelevant.

3

The currency located in the defendant's apartment is similarly unrelated to the charged conduct and should be excluded under Rule 403. The government cannot establish that the currency has any connection to the offenses alleged in the indictment, including money laundering. There is no legitimate evidentiary purpose for the introduction of this evidence. It is inherently prejudicial as jurors may intuitively associate large amounts of cash with criminal activity. Such an inference is impermissible where there is no provable connection between the cash and the charged offenses.

                                        James J. Bulger,
                                        By His Attorneys


                                        CARNEY & BASSIL


                                        */s/ J. W. Carney, Jr.*
                                        J. W. Carney, Jr.
                                        B.B.O. # 074760

                                        */s/ Henry B. Brennan*
                                        Henry B. Brennan
                                        B.B.O. #634036


                                        Carney & Bassil
                                        20 Park Plaza, Suite 1405
                                        Boston, MA 02116
                                        617-338-5566

Dated: June 25, 2013

<u>Certificate of Service</u>

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

                                        /s/ *J. W. Carney, Jr.*
                                        J. W. Carney, Jr.

```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| V. | ) ) | Crim. No. 99-10371-DJC |
| JAMES J. BULGER | ) ) | |

## AFFIDAVIT SUPPORTING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF WEAPONS AND MONEY SEIZED AT THE TIME OF HIS ARREST

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: June 25, 2013