UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
UNITED STATES OF AMERICA      )
                              )
V.                            )          Crim. No. 99-10371-DJC
                              )
JAMES J. BULGER               )
_____)

### DEFENDANT'S MOTION FOR DISCOVERY

The defendant, James J. Bulger, pursuant to Fed. R. Crim. P. 16(a)(1)(F), moves this Court order the government to produce discovery regarding their experts. The defendant has broken down his requests by expert:

1. Mitochondrial DNA expert Gina Pineda:

    a. Bench notes for each test; and

    b. DNA data for each test, in color.

2. State Forensic Dental Consultant Kate Crowley:

    a. Missing x-rays for Arthur Barrett; and

    b. Missing x-rays for John McIntyre.

3. Massachusetts Chief Medical Examiner Richard J. Evans (Ret.) and Assistant Professor of Criminal Justice (and forensic anthropologist) Ann Marie W. Mires, Ph.D.

    a. The defendant requests the entire medical examiner's file, including but not limited to, doctors notes, body and skeletal diagrams, all photos from the scene, all autopsy photos, all x-rays, all dental

1

records and reports, medical records and notes

(antemortem), toxicology reports, neuropathology

reports, all police reports, and all chain of

custody documents.

As grounds therefore, the defendant states the following:

## I.   Background

Since the government has noticed its experts, the defense

has been working apace to find equally qualified experts in

their respective fields. At this present time, it is not known

if the expert witnesses will be called to the stand. A review of

the discovery requested will determine whether or not the

government's witnesses came to the proper conclusions. If the

defense's expert will be needed to testify, then the defense

will make the appropriate disclosures and summary reports at

that time.

## II.   Legal Standard

Per the Supreme Court, Rule 16 allows the defendant to

inspect government documents "material to the preparation of

their defense against the Government's case in chief. . ."

United States v. Armstrong, 517 U.S. 456, 463 (1996). Rule 16

does not restrict the production of documents to those that are

favorable or exculpatory, as Brady does. United States v.

Marshall, 132 F.3d 63, 68 (D.C. Cir. 1998). Consequently, Rule

16 has been used to compel the production of evidence that is significant to the defense, but is not necessarily exculpatory. See United States v. Pesaturo, 519 F. Supp. 2d 177, 191-92 (D. Mass. 2007).

Under Rule 16, the defendant must support his request for the documents he is seeking with a "prima facie showing of materiality." United States v. Carrasquillo-Plaza, 873 F.2d 10, 12 (1st Cir. 1989) (quoting United States v. Buckley, 586 F.2d 498, 506 (5th Cir. 1978)). "A general description of the materials sought or a conclusory argument as to their materiality is insufficient." Id. (quoting United States v. Cadet, 727 F.2d 1453, 1466 (9th Cir. 1984)). However, demonstrating the required materiality "is not a heavy burden". United States v. Poulin, 592 F. Supp. 2d 137, 143 (D. Me. 2008) (quoting United States v. George, 786 F. Supp. 56, 58 (D.D.C. 1992)).

### III. Requests

1. **Mitochondrial DNA expert Gina Pineda:**

    a. **Bench notes for each test; and**

    b. **DNA data for each test, in color.**

On May 22, 2013, the government filed a motion *in limine* to admit mitochondrial DNA evidence. ECF. Dkt. no. 925. The following day, May 23, 2013, the government gave notice of its intention to call Forensic DNA Analyst Gina Pineda during its

case-in-chief. ECF Dkt. no. 930. In its motion *in limine*, the government attached various laboratory final reports and a copy of the Standard Operating Procedure in place at the time of the testing. This is insufficient discovery for the defendant's expert to conclude whether Ms. Pineda and her colleagues performed the tests correctly. At a minimum, the defendant's expert will require bench notes for each test and the DNA data for each test, in color. Otherwise, the defendant's expert would have to take at *face value* what each report says, without the benefit of supporting information.

**2. State Forensic Dental Consultant Kate Crowley, D.M.D.**

Based on a review of the x-rays and reports that the government has submitted to the defense, the discovery pertaining to Dr. Crowley's reports is incomplete. The defendant requests the remainder of the x-rays noted in Dr. Crowley's identification reports for Arthur Barrett and John McIntyre. Specifically, Dr. Crowley's report dated 3/3/2000 regarding Arthur Barrett indicates that she reviewed a full mouth series (12 films) of periapical films dated 4/13/82 and four periapical films dated 4/29/83. Dr. Crowley's report dated 1/31/2000 regarding John McIntyre indicates that she reviewed 16 postmortem dental x-rays, one periapical x-ray dated 2/26/83, and two bitewing x-rays dated 7/17/84. The defense has not been able to locate any of the aforementioned x-rays.

4

Further, the defendant requests all other notes, photos, and films that Dr. Crowley utilized in arriving at her conclusions in both identification reports.

3. **Massachusetts Chief Medical Examiner Richard J. Evans (Ret.), MSP Trace, Arson, and Assistant Professor of Criminal Justice (and forensic anthropologist) Ann Marie W. Mires, Ph.D.**

   a. **The defendant requests the entire medical examiner's file, including but not limited to, doctors notes, body and skeletal diagrams, all photos from the scene, all autopsy photos, all x-rays, all dental records and reports, medical records and notes (antemortem), toxicology reports, neuropathology reports, all police reports, and all chain of custody documents.**

On May 23, 2013, the government gave notice of its intention to call Massachusetts Chief Medical Examiner Richard J. Evans (Ret.) and Assistant Professor of Criminal Justice (and forensic anthropologist) Ann Marie W. Mires, Ph.D. during its case-in-chief.

The government intends Dr. Evans to testify that he reviewed materials associated with the murders of each of the 19 victims- e.g., autopsy reports, crime scene photos, police

reports, medical examiners notes, etc, and based on that review, he formed his own opinion as to the cause of death of the murder victims in this case. Dr. Mires is expected to testify about the recovery of the remains of Deborah Hussey, John McIntyre and Arthur Barrett at the Dorchester Florian Hall site in January 2000. She will also testify about the recovery of the remains of Paul McGonagle at Tenean Beach in Dorchester in June 2000 and the recovery of the remains of Thomas King and Debra Davis at the Neponset River site in Quincy in the summer of 2000. Dr. Mires will also testify about the recovery of physical objects at these sites.

The discovery that has been submitted to the defense is incomplete and does not contain all of the relevant reports and documents needed by experts to form an opinion as to the causes of death or the identification of an individual. The medical examiner's office should have produced a file for each death which included doctor's notes, body/skeletal diagrams, photos from the scene, autopsy photos, x-rays, dental records and reports, medical records, toxicology reports, police reports, and neuropathology reports. Likewise, the forensic anthropologist should have produced any and all reports and relevant documentation created by the third-parties referenced in her report, such as the Collision and Accident Reconstruction

team (the "CARS team"), who were summoned by the authorities to assist in or observe the recovery efforts.

In addition, the defense should have been provided with numerous chain of custody documents from the offices of the medical examiner, dentists, and forensic anthropologist. The purpose of the medical examiner's office is to retain all relevant and pertinent documents for review. In many instances, the government's experts have made conclusions based on incomplete information or without reviewing the pertinent documents (i.e. x-rays, dental records, doctor notes). Therefore, the government experts are relying on reports and conclusions without scrutinizing the work that was completed. Defense counsel's expert needs to review the entire file in order to fully understand the government's expert's opinions and the procedure that was followed in arriving at such conclusions.

The defense has been unable to find the requested discovery in the previously produced batches of discovery. If the government has produced these materials, the defense requests that the government alert the defense to the relevant Bates numbers.

## Local Rule Certification

Counsel for the defendant files this discovery motion, and intends to file future discovery motions, pursuant to the

exemptions in Local Rule 116.3(e)-(f). Both subsections (e) and (f) state that discovery motions can be filed in emergencies. Given that trial has already started and that the defendant will not have time to wait for 14 days to receive a response from the government on discovery matters, the defendant will immediately file discovery motions in lieu of letters. The failure to do so would be ineffective assistance of counsel and would endanger the defendant's right to a fair trial.

WHEREFORE, the defendant moves that this Court order the government to produce the aforementioned discovery regarding their experts.

JAMES J. BULGER
By His Attorneys,

CARNEY & BASSIL

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Henry B. Brennan*
Henry B. Brennan
B.B.O. # 634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: June 26, 2013

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*

J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )
V.                             )        NO. 99-CR-10371-DJC
                               )
JAMES J. BULGER                )
_____)
```

## AFFIDAVIT SUPPORTING
## DEFENDANT'S MOTION FOR DISCOVERY

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: June 26, 2013