UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Crim. No. 99-10371-DJC |
| ) | |
| JAMES J. BULGER ) | |

**DEFENDANT'S MOTION REGARDING HEARSAY STATEMENT OF PAUL CONDON**

The defendant, James J. Bulger, moves this Court to reconsider its admission of the hearsay statements of F.B.I. Special Agent Paul Condon. In the alternative, the defendant moves to introduce Condon's inconsistent statements under Federal Rules of Evidence 806 and 613.

During the testimony of Special Agent James Marra, the government was permitted to introduce Paul Condon's prior testimony from the "Salemme hearings" in which Condon indicated that he had contact with James Bulger in 1971. This hearsay was admitted over the defendant's objection. The defendant then made a proffer of an F.B.I. 302 report that directly contradicts Condon's testimony. The report quotes Condon as saying that he does not believe that he ever met the defendant while he was with the F.B.I.[1] The Court denied the defendant's request to admit the 302 report.

---

[1] Condon retired from the F.B.I. on May 20, 1977.

1

The admission of the transcript of Condon's prior testimony
violated the defendant's right to confrontation under the Sixth
Amendment. The testimony was given in a formal criminal
proceeding and is clearly "testimonial." See Crawford v.
Washington, 541 U.S. 36, 52-53 (2004). Moreover, the statement
is classic hearsay. The government implicitly conceded that the
prior testimony was hearsay but argued that the "residual
exception" of Federal Rule of Evidence 807 should apply.[2] Yet "it
is intended that the residual hearsay exceptions will be used
very rarely, and only in exceptional circumstances." United
States v. Heyward, 729 F.2d 297, 299-300 (4th Cir. 1984) quoting
(Fed.R.Evid. 803 Senate committee note  as quoted in United
States v. Kim, 595 F.2d 755, 765 (D.C.Cir.1979)). The mere fact
that Condon testified under oath in a motion hearing does not
qualify as an "exceptional circumstance" to warrant invocation
of the residual hearsay exception.

If Condon's testimony is admitted into evidence, the
defendant is entitled to offer Condon's inconsistent statement
as impeachment evidence. Federal Rule of Evidence 806 provides
that "[w]hen a hearsay statement . . . has been admitted in
evidence, the declarant's credibility may be attacked, and then
supported, by any evidence that would be admissible for those

---

[2] "I think the residual exception would apply in this case. The witness is not
available. He's deceased. His testimony is under oath in federal court before
another Judge in this district." Trial Transcript, Day 11, 100: 18-21.

purposes if the declarant had testified as a witness." The government has introduced hearsay statements of Condon in which he claims to have had contact with the defendant in 1971. The defendant is entitled to impeach this "testimony" in the same manner as though Condon had testified as a witness in this case. Under Federal Rule of Evidence 613, the defendant would be permitted to impeach Condon with his prior inconsistent statement that he had never met the defendant. Rule 806 guarantees the same right to the defendant now that Condon's hearsay statement has been admitted in lieu of live testimony.

It is irrelevant that Condon's prior inconsistent statement was not made under oath. Rule 806 does not draw a distinction between sworn testimony and other types of statements. Rule 613 does not require a prior inconsistent statement offered for impeachment to have been given under oath. If Condon were on the witness stand, it is beyond dispute that the defendant would be permitted to ask him about his prior statements as recorded in the 302 report. Here, where Condon's hearsay statement has been admitted in evidence, the defendant is entitled to introduce the report itself to impeach Condon's credibility.

                                        JAMES J. BULGER

                                        By His Attorneys,

                                        CARNEY & BASSIL

                                        *J. W. Carney, Jr.*
                                        J. W. Carney, Jr.
                                        B.B.O. # 074760

                                        *Henry B. Brennan*
Dated: June 26, 2013                    Henry B. Brennan
                                        B.B.O. # 634036


                                        Carney & Bassil
                                        20 Park Plaza, Suite 1405
                                        Boston, MA 02116
                                        617-338-5566


                        Certificate of Service

      I hereby certify that this document filed through the ECF
system will be sent electronically to the registered
participants as identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to those indicated as non-
registered participants on or before the above date.

                                        *J. W. Carney, Jr.*
                                        J. W. Carney, Jr.

                                        4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
UNITED STATES OF AMERICA            )
                                    )
V.                                  )          Crim. No. 99-10371-DJC
                                    )
JAMES J. BULGER                     )
                                    )
```

**AFFIDAVIT SUPPORTING**
**DEFENDANT'S MOTION REGARDING HEARSAY STATEMENT OF PAUL CONDON**


I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.


*J. W. Carney, Jr.*
J. W. Carney, Jr.


Dated: June 26, 2013