```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
          v.                 )    Crim. No. 99-10371-DJC
                             )
JAMES J. BULGER,             )
                             )
          Defendant.         )
```

## GOVERNMENT'S MOTION IN LIMINE TO KEEP SCOPE OF CROSS-EXAMINATION TO SUBJECT MATTER OF DIRECT EXAMINATION

Pursuant to Fed.R.Evid. 611(b), the government respectfully requests that this Court limit the scope of cross-examination to the subject matter of the direct examination or to matters affecting the witness's credibility. Specifically, the government anticipates calling former FBI Special Agent Tom Daly to the witness stand at some point soon in order to introduce five separate FBI documents into evidence pursuant to the First Circuit's opinion in Houlihan and Fed.R.Evid. 803(6)(business record exception to the hearsay rules). While former agent Daly will be on direct examination for a very brief period of time, the government is concerned that defense counsel may stray far afield on cross-examination and attempt to go into matters that have nothing to do with credibility or the subject of the direct examination.

The First Circuit has clearly held that a party has no right to cross-examine a witness beyond the subject matter of

1

his direct examination or beyond matters affecting credibility. United States v. McLaughlin, 957 F.2d 12, 18 (1st Cir. 1992), see also United States v. Boylan, 898 F.2d 230, 254 (1st Cir.), cert. denied, 498 U.S. 849 (1990). If a defendant wishes to adduce new evidence from government witnesses in support of his defense, he can call the government witnesses as defense witnesses. Id.  Indeed, while the Confrontation Clause of the Sixth Amendment of the United States Constitution guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him, that does not mean that a defendant is permitted limitless cross-examination.  Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986).[1]

The government also respectfully requests that defense counsel not be permitted to ask witnesses to opine on the credibility of other witnesses.  As a matter of law under Fed.R.Evid. 701, the credibility of witnesses is exclusively for the determination by the jury, and witnesses may not opine as to the credibility of the testimony of other witnesses at trial. United States v. Akitoye, 923 F.2d 221, 224 (1st Cir. 1991) (It

---

[1] Fed.R.Evid. 611(b) also notes that the Court may in its discretion allow inquiry into additional matters as if on direct examination. However, this provision is designed for those situations in which the result otherwise would be confusion, complication, or protraction of the case, not as a matter of rule but only as needed in the actual development of the case. See FED. R. EVID. 611 Advisory Committee notes.

is not the place of one witness to draw conclusions about, or cast aspersions upon, another witness' veracity).

Accordingly, the government respectfully requests that the Court limit the scope of any cross-examination to the subject matter of the direct examination or to matters affecting the witness's credibility.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney

By: */s/ Brian T. Kelly*
     BRIAN T. KELLY
     FRED M. WYSHAK, JR.
     ZACHARY R. HAFER
     Assistant U.S. Attorneys

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 1, 2013.

                              */s/ Brian T. Kelly*
                              Brian T. Kelly
                              Assistant U.S. Attorney

Dated: July 1, 2013