UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 99-10371-DJC |
| | ) | |
| JAMES J. BULGER, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION TO TAKE JUDICIAL NOTICE OF CHAPTER 277, SECTION 63 OF THE GENERAL LAWS OF MASSACHUSETTS

The United States of America, by and through its attorney, the United States Attorney for the District of Massachusetts, hereby respectfully requests that this Court take judicial notice of Chapter 277, Section 63 of the General Laws of Massachusetts, and provide an instruction to the jury that prosecution for conspiracy to commit murder in the Commonwealth of Massachusetts must be brought within six (6) years of the commission of the offense.  In support of this motion, the government state that counsel for the defendant in the case at bar has suggested through the witness John Morris that Morris could have been prosecuted in 1998 for conspiracy to murder Brian Halloran which murder occurred in 1982.

The Court can and should take judicial notice of relevant state law.  See Bowen v. Johnston, 306 U.S. 19, 23 (1939);  Smith v. Pasqualetto, 246 F.2d 765 (1st Cir. 1957).  The law is clear that in the Commonwealth of Massachusetts a prosecution for conspiracy to commit murder falls within the six-year "catchall provision" of MGL c.277, § 63.  Commonwealth v. McLaughlin, 726 N.E.2d 959, 966  ("The plain meaning of the statute places conspiracy to commit murder in the six-year catchall provision.")

The defense has consistently criticized the government for the so-called "deals" it has made with witnesses, and has berated those witnesses who allegedly received "deals" from the

government.  As was the case with John Morris, many witnesses who testified pursuant to immunity orders were not prosecutable at all, but asserted a Fifth Amendment claim upon the advice of counsel.  The assertion by the defense in this case that the government gave John Morris immunity when John Morris was prosecutable for conspiracy to commit murder is disingenuous at best, misleading to the jury, and prejudicial to the United States.

WHEREFORE, the United States respectfully requests that the Court take judicial notice of Chapter 277, Section 63 of the General Laws of Massachusetts, and provide an instruction to the jury that prosecution for conspiracy to commit murder in the Commonwealth of Massachusetts must be brought within six (6) years of the commission of the offense.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   /s/ Fred M. Wyshak, Jr.
FRED M. WYSHAK, JR.
BRIAN T. KELLY
ZACHARY R. HAFER
Assistant U.S. Attorneys

Dated: July 2, 2013

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Fred M. Wyshak, Jr.
FRED M. WYSHAK, JR.
Assistant U.S. Attorney