```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                     ) | Crim. No. 99-10371-DJC |
| ) | |
| JAMES J. BULGER        ) | |

## **DEFENDANT'S MOTION TO ADJOURN TRIAL**

The defendant moves that following the testimony of Dr. Ann Marie Mires, the trial be adjourned to Tuesday, July 16.

Simply put, the defendant's counsel have hit a wall, and are unable to proceed further without additional time to prepare for upcoming witnesses. Counsel have struggled mightily to be ready for each day of the trial since it began on June 3, 2013, working seven days a week and extraordinarily long hours. Last night, when Attorney J. W. Carney, Jr., left his office at 11:30 pm, <u>every</u> lawyer on the trial team was still working to review discovery related to witnesses identified by the government, including ones scheduled for today and tomorrow.

A major problem has been the delay in the receipt of discovery from the prosecution. The defendant offers the three most recent examples.

1.   Last week, the defense team received a large binder containing autopsy reports and supporting documents regarding

the testimony of Dr. Richard Evans, a medical examiner who will offer an expert opinion of the cause of death of the nineteen decedents. Counsel immediately sent the material to their retained expert, and began reviewing the material. This is a complex task that requires a significant commitment of time by the trial team, and is far from completion.

  2. Yesterday, the defendant received discovery at 6:35 pm concerning Dr. Kate Crowley, an expert witness scheduled for tomorrow. The discovery related to the documents on which the expert had based her opinion, and was requested by a motion filed on June 26 because it had not yet been provided. It is obvious that the discovery is still incomplete, and a further request for discovery was requested by email last night.

  3. Another expert witness for the prosecution is John Drugan, who is scheduled to be called today following Dr. Mires's testimony. The defense received 81 pages of discovery concerning the expert last night at 7:13 pm. The material was indecipherable by the defense team because of its sophistication, and counsel have not been able to review it with our own expert. The fax information line on the documents indicates that it was received yesterday by the prosecution at 8:30 am, and as noted, was not sent to defense counsel until 7:13 pm.

These discovery lapses may not be intentional, and may reflect that the prosecution team is overwhelmed as well. Nonetheless, it has put the defense team in an untenable position, especially as it continues to review earlier-produced discovery that now amounts to almost 400,000 pages. There is a physical and mental limitation on how much work can be done by the defense team, and a brief adjournment of the trial will allow counsel to be prepared for the upcoming witnesses. Otherwise, the defendant will be denied due process and the effective assistance of counsel. The burden on the defense also has had a major impact on the time counsel can spend with the defendant, both at the courthouse and at the jail in Plymouth. The trial schedule, especially on Thursdays, has exacerbated this problem. The defendant is awaken at 4:00 am every trial day, and by the end of his travel back to Plymouth, this 83-year old man is exhausted. Meaningful interaction with counsel in the evening is impossible.

Last week, the prosecutors represented to the Court that the government's case would go through the last week in July. Yesterday, the prosecutors reported that they expect to finish their case in chief next week. It is certain that the defense team has spent a huge amount of time this month preparing for witnesses who will not be called, instead of concentrating exclusively on the witnesses who will be called. Strategic

decisions are made throughout a trial, but the current crisis for the defense team could have been averted with earlier notice of the witnesses who will not be called so that time would not have been wasted on them. Counsel is not contending that the prosecutors have acted in bad faith, but this situation has contributed to the need for an adjournment. Moreover, the decision to conclude their presentation next week undoubtedly means that a decision has been made on the witnesses who will be called in their case in chief. From the defense perspective, it is as critical to learn immediately which witnesses will not be called as it is the ones who will be offered.

 This trial is well ahead of schedule. An adjournment will not extend the commitment of the jurors beyond that which they expect. It will also allow defense counsel to be better prepared for the hearing on the defense case scheduled for July 16, including whether prospective defense witnesses can be deleted based on developments during the trial to date.

 WHEREFORE, counsel moves that the Court enter the following orders.

 1. The trial shall be adjourned until Tuesday, July 16.

 2. The prosecutors shall notify defense counsel of their remaining witnesses by the close of business today. Any change in that list should require a detailed explanation to the Court if a witness thereafter is not called to testify, and any

witness added to that list should not be called before Monday, July 22.

    3.   The testimony at trial will suspend each day at 1:00, including on Thursdays.

    4.   The prosecution shall produce outstanding discovery forthwith, and further delays will warrant further action by the Court, including the possibility of an expert witness being precluded from being called in the prosecution's case in chief.

                        James J. Bulger,
                        By His Attorneys

                        CARNEY & BASSIL

                        *J. W. Carney, Jr.*
                        J. W. Carney, Jr.
                        B.B.O. # 074760

                        *Henry B. Brennan*
                        Henry B. Brennan
                        B.B.O. #634036

                        Carney & Bassil
                        20 Park Plaza, Suite 1405
                        Boston, MA 02116
                        617-338-5566

Dated: July 11, 2013

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

                        *J. W. Carney, Jr.*
                        J. W. Carney, Jr.

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                       ) | Crim. No. 99-10371-DJC |
| ) | |
| JAMES J. BULGER          ) | |

**AFFIDAVIT SUPPORTING**
**DEFENDANT'S MOTION TO ADJOURN TRIAL**

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: July 11, 2013