UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Crim. No. 99-10371-DJC |
| ) | |
| JAMES J. BULGER,    ) | |
| ) | |
| Defendant.    ) | |

## GOVERNMENT'S MOTION TO PRECLUDE DEFENSE WITNESSES BEING OFFERED ON IRRELEVANT AND COLLATERAL ISSUES

The parties have conferred regarding the defendant's proposed witness list and it now appears that there are at least eight witnesses who can be removed from the list filed on July 16, 2013 (ECF Dkt. No. 1150).[1]  Nevertheless, there remain numerous defense witnesses who do not appear to have any relevant, admissible testimony to offer and the government respectfully requests that this Court preclude the defense from calling any such witnesses.

By way of example, it is government counsel's understanding that: Witness #1 (Albano) is being called to testify about how John Connolly and John Morris pressured him to not commute the sentence of Peter Limone; Witnesses #2 (Anderson) and #4 (Campbell) are being offered as unspecified impeachment of David Lindholm; Witnesses #5 (Cherkas), #21 (Johnson), #28 (Massella) and #31 (Orlando) are being called to rehash the false

---

[1]  Witnesses who can be removed: #3 (Burke), #9 (Cronin-Watson), #14 (Edwards), #15 (Egan), #17 (Foley), #25 (Luongo), #29 (Mullen), #37 (Watson-Harris).

1

accusations lodged against MSP Lt. Johnson and John Martorano which were previously submitted to the court in camera; Witness #6 (Cloherty) is being called to give impeachment evidence on a non-government witness, Pat Nee; Witnesses #7 (Crawford) and #8 (Cronin) are being called to give impeachment evidence on a non-government witness, John Connolly; Witness #10 (Daly) is being recalled to testify about the alleged past-posting of bets by Richard Castucci; Witnesses #11 (Davis), #16 (Fitzpatrick), #23 (J. Kelly), and #35 (Sideropolous) are being called to give unspecified testimony on the handling of informant files in the Boston FBI office; Witness #12 (DePalma) is being offered as unspecified impeachment of Richard Buccheri; Witnesses #13 (Doherty), #19 (M.Hussey), and #20 (S.Hussey) are being offered as unspecified impeachment of Stephen Flemmi; Witness #22 (E. Kelly) is being offered as unspecified impeachment of Michael Solimando; Witness #24 (Lesar) is an out-of-state attorney who fancies himself an expert on FBI corruption and who, in the past, has contended that James Earl Ray, despite pleading guilty, was the victim of a government conspiracy and was not the assassin of Martin Luther King, Jr.; Witnesses #26 (Mahar) and #32 (Pelton) are being offered as unspecified impeachment of Kevin O'Neil; Witness #27 (Marra) is being re-called to testify regarding documents that he has already been extensively cross-examined about; Witness #30 (Nee) is being called to force him

to invoke his Fifth Amendment privilege in public; Witnesses #33 (Richards) and #36 (Siracusa) are being offered as unspecified impeachment of Kevin Hayes.  Finally, it is entirely unclear why Witness #18 (Healey) is being called as a witness.

Neither the Constitution nor the Federal Rules of Evidence permit a defendant to call witnesses to testify regarding facts which are not of consequence to the case.  FED. R. EVID. 401; United States v. Snow, 670 F.2d 749, 752 (7th Cir. 1981).  Evidence which is not relevant is not admissible. FED. R. EVID. 402; United States v. Flemmi, 402 F.3d 79, 86 (1st Cir. 2005).

Moreover, even if certain defense witness testimony is marginally relevant, it should be excluded when it will confuse the issues, mislead the jury, and waste time.  FED. R. EVID. 403; United States v. St. Pierre, 599 F.3d 19, 23 (1st Cir. 2010) (Rule 403 was properly applied and evidence excluded where proposed evidence had a potential to confuse and mislead the jury); United States v. Hatch, 514 F.3d 145, 157 (1st Cir. 2008) (District court properly rejected further testimony by the defendant because it was irrelevant, would simply confuse the jury, and might cause it to make unwarranted assumptions); United States v. Brown, 500 F.3d 48, 58 (1st Cir. 2007) (District court did not abuse its discretion in excluding marginally relevant testimony which would raise a significant risk of confusing the issues).

Assuming *arguendo* that Rules 401, 402, and 403 do not bar the defendant's witnesses, the witnesses should be excluded under Fed. R. Evid 608(b) because they are being offered to give extrinsic evidence to impeach another witness on a collateral matter. United States v. Beauchamp, 986 F.2d 1, 3 (1st Cir. 1993). Bulger is attempting to introduce testimony that would distract the jury from the main issues and add little practical value to the defense; the Court should accordingly use its discretion to exclude such an attempt to present extrinsic evidence on a collateral matter. Beauchamp, 986 F.2d at 4.

First Circuit case law clearly bars witness testimony offered simply to impeach the credibility of another witness. United States v. Perez-Perez, 72 F.3d 224, 227 (1st Cir. 1995) (finding the district court did not err in refusing to permit defense to offer witness testimony to impeach the credibility of a government witness based solely on extrinsic evidence); United States v. Gomes, 177 F.3d 76, 81 (1st Cir. 1999) ("Extrinsic evidence of specific bad acts is not admissible to show truthfulness (citing Fed. R. Evid. 608 (b))…or to contradict the witness on a collateral matter"). Similarly, in United States v. Thomas, the court affirmed the district court's refusal to allow defense counsel to call a witness in order to show that a separate witness, a confidential informant, was lying. 467 F.3d 49, 56 (1st Cir. 2006). Allowing defense witnesses to testify

4

in an attempt to impeach the credibility of another witness would start a "trial within a trial" or a mini-trial based on a collateral matter. Thomas, 467 F.3d at 56; United States v. Coplin, 463 F.3d 96, 104 (1st Cir. 2006). Of course, as a matter of law under Fed.R.Evid. 701, the credibility of witnesses is exclusively for the determination by the jury, and witnesses may not opine as to the credibility of the testimony of other witnesses at trial. United States v. Akitoye, 923 F.2d 221, 224 (1st Cir. 1991) (It is not the place of one witness to draw conclusions about, or cast aspersions upon, another witness' veracity).

Accordingly, the government respectfully requests that the Court limit the number of defense witnesses to those individuals who actually have relevant testimony to non-collateral issues in dispute at this trial.

                                                    Respectfully submitted,

                                                    CARMEN M. ORTIZ
                                                    United States Attorney

Date: July 17, 2013        By:   */s/ Brian T. Kelly*
                                                    BRIAN T. KELLY
                                                    FRED M. WYSHAK, JR.
                                                    ZACHARY R. HAFER
                                                    Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 17, 2013.

                                            */s/ Brian T. Kelly*  
                                            Brian T. Kelly  
                                            Assistant U.S. Attorney