UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
            v.                )      Crim. No. 99-10371-DJC
                              )
JAMES J. BULGER,              )
                              )
            Defendant.        )

**NOTICE REGARDING GOVERNMENT'S INTENTION TO OFFER SUMMARY CHARTS**

By and through the undersigned Assistant U.S. Attorneys, the government hereby provides notice of its intention to offer several summary charts, including a case timeline, to summarize the voluminous evidence in this case, to clarify complex money laundering testimony and evidence for the jury, and to prove the content of voluminous writings that cannot be conveniently examined in court.

I.   <u>CHARTS</u>

Through the testimony of IRS Special Agent Lemanski, the government will offer four charts, each of which has been provided to defense counsel: (a) Exhibit 91 – a chart summarizing the money laundering allegations with respect to South Boston Liquor Mart ("SBLM") and Rotary Variety Store ("RVS"); (b) Exhibits 97A and 97B – two charts summarizing many years of complicated financial transactions related to SBLM and RVS; and (c) Exhibit 93 – a timeline of the key events during the course of the approximately 28-year RICO conspiracy charged

in the Indictment.  By the time that each of these exhibits is offered, there will be an evidentiary basis for the information contained therein.

II.  ARGUMENT

FED. R. EVID. 1006 provides that a party may summarize the contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court, so long as the summary is accurate, the underlying documents are made available to the other parties, and both the summary and the source materials are admissible.  *United States v. Appolon*, 695 F.3d 44, 61 (1st Cir. 2012).  Rule 1006 recognizes that summary charts are not only convenient for proving the contents of voluminous materials, but sometimes are the only practicable way to do so.  *See* FED. R. EVID. 1006 advisory committee notes; *Appolon*, 695 F.3d at 61 (summarization under Rule 1006 may remove logistic and cognitive barriers to the jury's discharge of its duties.).  Under Rule 1006, the summary itself is admitted as evidence and does not need to be based on evidence independently admitted in the record so long as the other side has had notice and an opportunity to examine the underlying data.  *See United States v. Milkiewicz*, 470 F.3d 390, 398 (1st Cir. 2006)("Charts admitted under Rule 1006 are explicitly intended to reflect the contents of the documents they summarize and typically are substitutes in evidence for the voluminous

2

originals."). While summaries are inadmissible if they contain information beyond the scope of the material on which they are based, an illustrative diagram may be used so long as it portrays existing facts and not inferences drawn by those facts. *See United States v. Drougas*, 748 F.2d 8, 25-26 (1st Cir. 1984).

Numerous courts have specifically admitted timeline charts pursuant to FED. R. EVID. 1006. *See United States v. Chivers*, 488 Fed.Appx. 782, 785 (5th Cir. 2012) (district court properly admitted a timeline of events to summarize records and documents); *James v. Haven Homes Southeast, Inc.*, No. 08-770-JJB-CN, 2011 WL 777971, at *2 (M.D. La. Feb. 28, 2011) (timeline of events admissible in civil case with proper foundation); *United States v. Gray*, No. 1:04CR580, 2005 WL 3059482, at *12 (N.D. Ohio Nov. 15, 2005), *rev'd in part on other grounds*, 521 F.3d 514 (6th Cir. 2008) (court could have admitted timelines as secondary-evidence summaries under Rule 1006.).

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: */s/ Zachary R. Hafer_*
BRIAN T. KELLY
FRED M. WYSHAK, JR.
ZACHARY R. HAFER
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 19, 2013.

/s/ Zachary R. Hafer _
Zachary R. Hafer
Assistant U.S. Attorney

Dated: July 19, 2013