UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                  )
UNITED STATES                     )
                                  )
V.                                )   Crim. No. 99-10371-DJC
                                  )
JAMES J. BULGER                   )
_____)

## DEFENDANT'S MOTION FOR DISCOVERY REGARDING PATRICK NEE

The defendant, James J. Bulger moves pursuant to Rule 16 of the Federal Rules of Criminal Procedure that this Court order the government to provide the following materials regarding Patrick Nee:

1. All transcripts, reports or any other documentation of statements made by Nee to members of the F.B.I., D.E.A., Massachusetts State Police, United States Attorney's Office or any other law enforcement agency about the criminal activities of James Bulger, Stephen Flemmi, John Martorano and any other members or affiliates of the "Winter Hill Gang."

The defendant also renews his prior motion for production of the following discovery:

1. All Department of Justice documents reflecting the decision to refrain from the prosecution of Patrick Nee relative to any conduct for which James Bulger was indicted. See ECF Dkt. 878 at 27.

2. Disclosure of any promises, rewards or inducements made

   by the government to Nee or made on Nee's behalf to any

   government witness. <u>See</u> ECF Dkt. 768 at 23.

**Discussion**

Patrick Nee was an affiliate of the Winter Hill Gang in the 1970s and 1980s. He was integrally involved in the criminal activities of the group. There is an abundance of evidence linking Nee to many of the offenses with which James Bulger is charged. Yet Nee has never been charged with crimes stemming from these allegations. Similarly, the government has never called Nee to testify before a grand jury or at a criminal trial despite the fact that he is a percipient witness to crimes charged in the indictment. The government's apparent indifference to Nee raises a legitimate question as to whether Nee has been given a "free pass" for his criminal history.

The defendant has long argued that the government's apparent indifference towards Nee stems from an understanding – implicit or explicit – with its key witnesses whereby the government honored the witnesses' desire to protect Nee from criminal prosecution. F.B.I. records indicate that both John Martorano and Kevin Weeks have indicated that they do not wish to provide information against Nee. Consistent with those wishes, the government has long ignored ample evidence of Nee's direct involvement in various crimes. The government has

expressed no apparent interest in Nee as a defendant or as a witness.

The testimony of government witnesses has only reinforced the seriousness of Nee's criminal past. Stephen Flemmi and Kevin Weeks have implicated Nee in serious crimes, including the murders of Brian Halloran, Michael Donahue, John McIntyre, Arthur Barrett and Deborah Davis. Martorano admitted on cross-examination that he agreed to cooperate with the authorities only after the government explicitly communicated to him that he would not be required to testify against Patrick Nee.[1] Martorano testified that he initially refused to cooperate with the government because he did not want to testify about certain people, including Nee. He agreed to become a government witness only after prosecutors provided him with a "target list" of people against whom he would be obligated to testify. Nee was not named as a target.

There is a reasonable, good-faith basis to believe that Nee's privileged status stems from an understanding or agreement between the government and its witnesses. Alternative explanations fail to justify this special treatment. The government has previously argued that the statute of limitations bars prosecution of Nee for RICO violations. If so, this makes

---

[1] Trial Transcript, Day 6, 35-37, (testimony of John Martorano, June 19, 2013).

the decision not to call Nee as a witness ever more perplexing. The government's own witnesses acknowledge that he is a percipient witness to several murders. The government knew that Stephen Flemmi claimed to have information placing Nee at the scene of the Halloran and Donahue murders. The government knew that Weeks implicated Nee in several murders, including that of John McIntyre and Arthur Barrett. The government knew that its own witnesses would testify that the bodies of McIntyre, Barrett and Deborah Hussey were buried at Nee's brother's home. There is no question that Nee has firsthand knowledge of many of the events at issue in this case. The government could compel him to testify with a subpoena and grant of immunity but refuses to do so. The government was willing to ignore dozens of John Martorano's confessed murders in exchange for his testimony but is unwilling to burden Nee with the inconvenience of having to appear in court. While the government is free to choose its witnesses, it cannot bar a legitimate inquiry into its motives when the circumstances raise serious questions about whether its decision was intended as an inducement to other witnesses.

The government must be ordered to provide all transcripts, reports or any other documentation of statements made by Patrick Nee to law enforcement about the criminal activities of James Bulger, Stephen Flemmi, John Martorano and any other people associated with the Winter Hill Gang. The government's decision

to forgo the testimony of this percipient witness suggests that
his testimony would not be helpful to the prosecution. To the
extent that Nee has made statements that vary with the testimony
of any government witness, it is exculpatory and must be
produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963).
"There is no question but that as a general matter, the Brady
obligation includes the requirement to turn over evidence of
impeachment." United States v. Snell, 899 F. Supp. 17, 23 (D.
Mass. 1995). Indeed, whatever version of events Nee has provided
is almost certain to be different than trial testimony since
government witnesses have given conflicting accounts of the same
incidents.

        The government must also provide any documents or other
materials bearing on the decision to forgo prosecution of Nee,
including any record of promises, rewards or inducements made to
other cooperating witnesses regarding Nee. If any such
statements were made orally, they must be reduced to writing and
produced. Any evidence that the government induced the
cooperation of John Martorano, Kevin Weeks or any other witness
by agreeing to give favorable treatment to Nee is highly
relevant to the reliability and credibility of these witnesses
and must be disclosed. See Giglio v. United States, 405 U.S.
150, 154 (1972). Any such information should have been provided
to the defense prior to trial. This Court should order its

production immediately so that the defendant may review this
material prior to the presentation of his case-in chief.

James J. Bulger,

By His Attorneys

CARNEY & BASSIL

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Henry B. Brennan*
Henry B. Brennan
B.B.O. #634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: July 23, 2013

## Certificate of Service

I hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as
identified on the Notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non-registered participants on or
before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.