```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                               )
UNITED STATES                  )
                               )
V.                             )    Crim. No. 99-10371-DJC
                               )
JAMES J. BULGER                )
                               )
_____)
```

### DEFENDANT'S MOTION FOR COURT TO ORDER SEQUESTRATION OF JURORS DURING DELIBERATIONS

The defendant, James J. Bulger, moves that the Court, pursuant to Local Rule 83.2B, order the sequestration of jurors during deliberations in this case.

Pursuant to Rule 83.2B, the court is tasked with the "management and sequestration of jurors" during a "widely publicized or sensational criminal . . . case." This local rule is designed to ensure a fair trial for defendants in this precise circumstance; the rule becomes a nullity if not applied to a case as widely publicized and sensationalized as <u>United States v. James J. Bulger</u>.

Since jury selection began on June 3, 2013, there has been an unprecedented level of media coverage for a case in this district. Although jurors have not been sequestered throughout the trial, jury deliberation is the most crucial time for jurors to remain free from any outside influence. In order to ensure that deliberations are not tainted by the opinion of anyone

outside of the jury, the defense urges the Court to sequester jurors during their deliberations.

The First Circuit has indicated that "the decision whether to sequester the jury lies within the sound discretion of the district court." United States v. Porcaro, 648 F.2d 753, 755 (1st. Cir. 1981). The court must take "strong measures to ensure that the balance is never weighed against the accused." Sheppard v. Maxwell, 384 U.S. 333, 362 (1966). Sequestration is one of the tools that a court may utilize when publicity regarding the trial is particularly virulent. Id. at 354. There is a compelling justification for sequestration when publicity is proximate in time with the trial, focuses on the accused, and is sensational in nature. United States v. Kelly, 722 F.2d 873, 879 (1st Cir. 1983). Sequestration is not necessary, however, in situations where articles are merely recounts of testimony and contain no prejudicial characterizations of the defendant. Porcaro, 648 F.2d at 757.

The publicity at issue in this case falls within the requirements set forth in Kelly in that extensive publicity has occurred throughout the course of the trial and has generated a high level of public interest. Further, the nature of the publicity in this case is distinguishable from Porcaro in that the articles published about the defendant have extended far

2

beyond mere recounting of testimony and have characterized the defendant in an extremely prejudicial manner.

The following statements have appeared in the body of articles from the Boston Globe since trial began on June 3, 2013: "He [James Bulger] just wants to keep us out of the courtroom because he doesn't like us or the book we wrote about him. Classic Whitey. Sublimely vindictive," 6/7/13; "I believe Whitey Bulger is a deeply cynical and vicious criminal who made millions by killing and intimidating people," 6/7/13; "I believe that Whitey Bulger insisted on the loyalty of others but was loyal to no one but himself," 6/7/13; "It would also divest Whitey of the sneaking suspicion that he is special. Because he's not. He's a thug with a good vocabulary," 7/16/13; "And Whitey gets to sit there, pompous and self-important, swearing at witnesses who dare to tell the truth and swear under oath that he was a rat, an informer, a killer of women," 7/16/13; "Same thing when they were burying Debbie. Stevie dug the hole. You mean, Wyshak said, Whitey kills people and lets everybody else do the work? Whitey's lawyers objected. But it was pretty pointless. Everybody knew the answer," 7/20/13; "Listening to Whitey's defense is sickening enough," 7/23/13; "I have an idea for a new game show. The Biggest Scumbag. The idea is pretty simple. Each week, Whitey and Stevie go on camera and talk about some especially vile and vicious thing they did in the 162

3

combined years of their miserable lives," 7/24/13; "Whitey's so vain, he probably thinks this song is about him," 7/27/13; "He said he didn't want a stray bullet to hit anybody. Awwwww. What a guy," 7/27/13.

The following statements by media columnists have also appeared through a variety of news outlets: "And when she [Diane Sussman] walked past him on the way out of the courtroom – Whitey Bulger is a small and vile and venal human being – but when she walked by him, her decency made him look even smaller," 7/7/13; "Like I said, I expect Bulger to be a vicious and venal gangster. That's what he was," 7/7/13; "Wiseguys with scruples don't rat on their friends, and they certainly don't murder defenseless women and bury them in secret graves," 7/25/13.

It is imperative that the jury be free from the influence of the highly prejudicial commentary emanating from media outlets. Although the jury was not sequestered during the trial and has been instructed not to read media reports, the defendant urges the Court to mandate the necessary precautionary measures to ensure that jury deliberations are conducted free from any influence from the media as to what the verdict ought to be.

                    James J. Bulger,
                    By His Attorneys

                    CARNEY & BASSIL

*/s/ J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*/s/ Henry B. Brennan*
Henry B. Brennan
B.B.O. #634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: July 28, 2013

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*/s/ J. W. Carney, Jr.*
J. W. Carney, Jr.

5

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| V.                        ) | Crim. No. 99-10371-DJC |
| ) | |
| JAMES J. BULGER           ) | |

# AFFIDAVIT SUPPORTING
# DEFENDANT'S MOTION FOR COURT TO ORDER SEQUESTRATION OF JURORS DURING DELIBERATIONS

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: July 28, 2013

6