UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
        v.                   )     Criminal No. 99-10371-DJC
                             )
JAMES J. BULGER,             )
         Defendant.          )

### GOVERNMENT'S REQUEST FOR A JURY INSTRUCTION REGARDING FED.R.CRIM.P. 35

The United States hereby respectfully requests a supplemental jury instruction regarding Fed. R. Crim. P. 35. During his cross-examination of Steven Flemmi, defendant repeatedly suggested that, pursuant to Fed. R. Crim. P. 35, Flemmi may be eligible for release from jail at some point prior to the expiration of Flemmi's current sentence of life imprisonment plus 30 years.  Because, however, Rule 35 motions must be made within one year of sentencing, *see* Fed. R. Crim. P. 35(b)(1), and Flemmi was sentenced in January 2004, Flemmi is not eligible for a Rule 35.

The only potentially applicable exception to Rule 35's firm one-year time bar is if Flemmi's "substantial assistance involved … information provided to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing." *See* Fed. R. Crim. P. 35(b)(2)(B).  Here, however, Flemmi has provided no new material information since 2004; moreover, his testimony in

1

numerous prior grand jury, criminal trial, and civil proceedings has been essentially identical to his trial testimony in this matter.[1] Accordingly, Flemmi is not eligible for a motion under Fed. R. Crim. P. 35(b)(2)(B) and the government respectfully requests that the jury be instructed as follows:

> In order to be eligible for a sentence reduction under Rule 35, the government must make a motion on behalf of a defendant within one year of defendant's sentence. Steven Flemmi was sentenced in January 2004; accordingly, any Rule 35 motion on Flemmi's behalf would have had to be made by January 2005. The only exception to this rule is if defendant provides new information to the government after the one-year time limit of Rule 35. There is no evidence that Flemmi provided any new information to the government after 2004.

---

[1] The 1991 Amendments to Rule 35 state, "The amendment also recognizes that there may be those cases where the defendant's assistance or cooperation may not occur until after one year has elapsed. For example, the defendant may not have obtained information useful to the government until after the time limit had passed. In those instances, the trial court in its discretion may consider what would otherwise be an untimely motion if the government establishes that the cooperation could not have been furnished within the one-year time limit." Here, however, all of Flemmi's cooperation and information regarding Bulger could have been (and was in fact) furnished prior to Flemmi's sentencing. This is not a case in which Flemmi received, for example, information regarding a terror threat while incarcerated, which could, in some instances, give rise to a valid Rule 35(b)(2)(B) motion.

2

>Respectfully submitted,
>
>CARMEN M. ORTIZ
>United States Attorney
>
>By: */s/ Zachary R. Hafer*
>ZACHARY R. HAFER
>BRIAN T. KELLY
>FRED M. WYSHAK, JR.
>Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 29, 2013.

>*/s/ Zachary R. Hafer*
>ZACHARY R. HAFER
>Assistant U.S. Attorney

Dated: July 29, 2013