UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Crim. No. 99-10371-DJC |
| v. | ) ) |  |
| JAMES J. BULGER, Defendant. | ) ) |  |

**UNITED STATES' PROPOSED FORFEITURE
JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS**

The United States of America, by and through its undersigned counsel, submits the attached proposed jury instructions and special verdict forms for use during the forfeiture phase of specific assets[1] in this criminal proceeding.

---

[1]Pursuant to Rule 32.2 of the Rules of Criminal Procedure, "as soon as practical after a verdict or finding of guilty, ... on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A).

As to "specific property" a party may request a jury finding, rather than a determination by the court. "In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of *specific property* if it returns a guilty verdict." Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added).

There is no rule providing for a jury finding as to a personal money judgment, and accordingly that determination is left to the court. Fed. R. Crim. P. 32.2(b)(1)(A) and 32.2(b)(5)(A)-(B). The United States seeks entry of a personal money judgment in this case, and shall submit its motion to the court on that issue prior to sentencing.

                        Respectfully submitted,

                        CARMEN M. ORTIZ,
                        United States Attorney

By:    /s/ Brian T. Kelly
        Brian T. Kelly
        Fred M. Wyshak, Jr.
        Zachary R. Hafer
        Assistant U.S. Attorneys

Dated: July 30, 2013

## CERTIFICATE OF SERVICE

    I, Brian T. Kelly, Assistant U.S. Attorney, hereby certify that the foregoing document was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                        /s/ Brian T. Kelly
                        Brian T. Kelly
                        Assistant U.S. Attorney

Dated: July 30, 2013

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1
### (Jury's duty regarding forfeiture)

Ladies and Gentlemen of the Jury, I know you have labored long and hard, but at this stage of the proceedings there is one additional duty that you must carry out as part of your responsibility as jurors. This will require that you return to the jury room once again to deliberate and consider special verdicts (which will be handed to you in a few moments by the clerk).

The law provides that when, as here, a defendant is convicted of violating certain criminal statutes, he is required to forfeit to the United States the proceeds and properties he has obtained as a result of that criminal activity. The term "forfeit" simply means for someone to be divested or deprived of the ownership of something as a part of the punishment allowed by the law for the commission of certain criminal offenses. The purpose of forfeiture is to ensure that no one profits from criminal conduct. So, in this case, because you have rendered guilty verdicts as to Counts [*One and Two*] of the Third Superseding Indictment, you must now decide whether the government has established a nexus, that is a connection, between certain property and those offenses.

In your consideration of the forfeiture claims of the Third Superseding Indictment, you are instructed that your previous finding that the defendant is guilty of having committed the offenses charged in Counts [*One and Two*] is final, conclusive, and binding. I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any of the violations.

_____

Fed. R. Crim. P. 32.2(b)(1).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2**
(Forfeiture Allegations and Properties to be Forfeited)

Based on the defendant's violation of the RICO laws as set forth in Counts One and Two of the Third Superseding Indictment, the government alleges that the following specific properties are subject to forfeiture to the United States:

1. $821,799.49 in United States currency, seized from 1012 Third Street, Apartment 303, Santa Monica, California;

2. All firearms, ammunition, and any and all other weapons, seized from seized from 1012 Third Street, Apartment 303, Santa Monica, California; and

3. All items seized from 1012 Third Street, Apartment 303, Santa Monica, California, including, but not limited to, all jewelry, electronics, art, furniture, household items, clothing, personal effects, and any and all other personal property.

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3**
**(Burden of Proof as to Forfeiture)**

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, your duty to deliberate, and the necessity of a unanimous verdict, apply during your supplemental deliberations concerning the special verdicts on the forfeiture claims.

However, my previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendants do not apply to your deliberations and verdicts regarding forfeiture. In deliberating and deciding your verdicts regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that property is subject to forfeiture under the applicable laws. The government is not required to prove this beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property is subject to forfeiture, it must prove that it is more likely than not that this is so. In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that the property is subject to forfeiture under the applicable laws. Your job is to determine whether it is more likely than not that the property is such property.

---

*Libretti v. United States*, 116 S.Ct. 356, 363 (1995) (forfeiture is a part of sentencing). *United States v. Keene*, 341 F.3d 78, 85-86 (1st Cir. 2003) (preponderance standard applies to criminal forfeiture). *See also United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (because forfeiture is part of sentencing, preponderance of the evidence standard applies); *United States v. DeFries*, 129 F.3d 1293, 1312 (D.C. Cir. 1997) (in light of *Libretti*, burden of proof in RICO case is preponderance of the evidence); *United States v. Cianci*, 218 F. Supp. 2d 232, 234-35 (D.R.I. 2002) (forfeiture for RICO violation determined by preponderance of the evidence).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4**
**(Evidence to be Considered)**

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

_____

*United States v. Derman,* 211 F.3d 175, 184 (1st Cir. 2000) (superseded by statute on other grounds); *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998); Fed. R. Crim. P. 32.2(b)(1)(B).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 5**
**(RICO Forfeiture, Counts 1 and 2)**

The government contends that all of the assets I have described to you are forfeitable under the RICO laws.

In order for the government to establish by a preponderance of the evidence that the assets are forfeitable under the RICO laws, the government must prove that it is more likely than not that: (1) the properties were acquired or maintained through racketeering activity; (2) that the properties represented an interest in, security of, claim against, or property or contractual right affording a source of influence over the enterprise; or (3) that the properties were derived from the proceeds of racketeering activity. Although the government need only prove one of these three possible bases for forfeiture, you the jury must be unanimous as to which basis.

With regard to property that is acquired or maintained through a pattern of racketeering activity, the government need not prove that the racketeering activity was the only reason the property was acquired or maintained. Rather, the government must prove by a preponderance of the evidence that, but-for the racketeering activity, the property or interest in question would not have been acquired or maintained.

Property is "acquired" under the meaning of the RICO laws if the defendant comes to own it as a result of the conduct of which you have found him guilty in Counts One and Two, or if the defendant bought it with proceeds of the illegal conduct. Property is "maintained" in violation of the RICO laws if the defendant keeps it by committing the criminal acts in Counts One and Two, or if the defendant uses proceeds of the illegal acts to keep it.

The property interest is acquired or maintained if the proceeds from racketeering activity provided all or some substantial and significant part of the moneys used to acquire or maintain the interest.

The law also permits the forfeiture of interests to remove the sources of defendant's power over the enterprise.  Under this section, any property interest or position of the defendant, either directly or indirectly part of the enterprise, but which allows the defendant to exert control or influence over the enterprise, may be forfeitable.  Property is an "interest" in an enterprise if it is property which carries with it some right of ownership.

Property constitutes "proceeds" or is "derived from proceeds" which the defendant obtained from violating the RICO statute if it represents assets directly acquired as a result of the illegal conduct or assets acquired with the proceeds of the illegal conduct.  A property interest represents the proceeds of the RICO violation when the proceeds derived from racketeering activity provided the funds, directly or indirectly, used to acquire or to maintain that property interest.  In other words, the "proceeds" from a RICO violation include both the money derived from the RICO violation and any object or property later purchased or maintained with the money.

The government may forfeit income and proceeds generated by the defendant's racketeering activities.  The government also may forfeit any property which the defendant obtained with his racketeering activity proceeds.

One more word about the term "proceeds."  As used in this instruction, "proceeds" means gross profits; in other words, all sums obtained from the illegal activity, without regard to any overhead expenses that the defendant may have paid in order to obtain these sums.

---

18 U.S.C. § 1963(a)(1), (a)(2) and (a)(3); *United States v. Hurley*, 63 F.3d 1, 21 (1st Cir. 1995) (government entitled to forfeiture of gross proceeds for RICO violations).  *See also United States v. Bucci*, 582 F.3d 108, 122 (1st Cir. 2009); *United States v. Saccoccia*, 58 F.3d 754, 785 (1st Cir. 1995).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6**
**(Court to Decide Certain Issues)**

Your duty at this phase of the proceeding is to determine whether certain properties are subject to forfeiture. You should not consider what might happen to the property in determining whether the property is subject to forfeiture; the disposition of any property that is declared forfeited is exclusively a matter for the court to decide. Similarly, if the property has been transferred to a third party, the Court will later determine the right of that third party to the property.

Further, certain of the properties that the government claims are subject to forfeiture may be in the name of the defendant and persons or business entities other than the defendant. However, any interest that a person other than the defendant may claim to such property will be taken into account by this Court in a separate proceeding. Interests of persons or entities other than the defendant are not for your consideration. Your sole task is to decide whether the properties I have described to you, regardless of in whose name they are now held, are subject to forfeiture under the laws I have set forth.

---

Fed. R. Crim. P. 32.2(b)(5)(B) and (c).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 7**
**(Special Verdict Forms)**

Special verdict forms have been prepared for you.  The special verdict form lists the property which the government asserts is forfeitable.

You may answer by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO".  The foreperson must then sign and date the special verdict form.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Crim. No. 99-10371-DJC |
| v. | ) ) |  |
| JAMES J. BULGER,  Defendant. | ) ) |  |

## **SPECIAL VERDICT**

We, the jury, return the following special verdict as to the following property:

**1.    $821,799.49 in United States currency, seized from 1012 Third Street, Apartment 303, Santa Monica, California.**

We, the jury, find that the government has established, by a preponderance of the evidence, that the property identified above is property acquired, maintained, or derived from the proceeds or profits of the racketeering enterprise or the racketeering activities charged in Counts One or Two of the Third Superseding Indictment.

Yes _____

No _____

_____                                             _____
DATE                                                                  FOREPERSON

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Crim. No. 99-10371-DJC |
| v. | ) ) |  |
| JAMES J. BULGER,<br>            Defendant. | ) ) |  |

## SPECIAL VERDICT

We, the jury, return the following special verdict as to the following property:

**1.     All firearms, ammunition, and any and all other weapons, seized from seized from 1012 Third Street, Apartment 303, Santa Monica, California, which include the following:**

   a.   Colt Lightweight Officers ACP, .45 caliber handgun with one empty magazine, serial number DL01173;

   b.   Auto Ordinance Thompson model number ZG51/Pitbull, .45 caliber pistol with one empty magazine, serial number AOC59609;

   c.   Smith & Wesson model number 4006, .40 caliber pistol with one empty magazine, serial number VDF1743;

   d.   Colt Defender Series 60, .45 caliber handgun with one empty magazine, serial number DR06879;

   e.   Smith & Wesson, .38 caliber pistol, serial number 130015;

   f.   Springfield Armory model number1911-A1, .45 caliber handgun with one empty magazine, serial number N480918;

   g.   Mossberg model number KPR12, .12 caliber pistol, serial number 777522A;

   h.   Colt Sporter Lightweight, .223 caliber rifle, serial number 003906;

   i.   Mossberg model number 500A, .12 caliber shotgun, serial number L489673;

   j.   Sturm Ruger & Co. Inc. model mini 14, .223 caliber rifle, serial number 181-59582;

k. Smith & Wesson, .38 caliber pistol, serial number 2710;

l. Professional Ordnance, Inc. model carbon 15 pistol, .223 caliber pistol, serial number B24867;

m. Colt Detective Special, .38 caliber revolver, serial number D0017R;

n. Taurus, .357 magnum revolver, serial number NJ131942;

o. Taurus, .357 revolver, serial number 2352;

p. Beretta model number 92 FS, .9 caliber pistol with one empty magazine, serial number E505032;

q. Springfield Armory Micro Compact, .45 caliber pistol with one magazine, serial number 428626;

r. Smith & Wesson, .357 revolver, serial number CCV0997;

s. North American Arms, Inc., .22 magnum revolver, serial number E073535;

t. Beretta model MOD21A-22L.R, .22 caliber pistol with one empty magazine, serial number DAA016388;

u. 22/45, .22 caliber handgun with one empty magazine, serial number 220-39720;

v. Colt MK IV Series 80, .45 caliber pistol with one empty magazine, serial number FC32853;

w. Kimber Stainless Ultra Carry II, .45 caliber pistol with one empty magazine, serial number KU35555;

x. Smith & Wesson model number 65-3, .354 caliber revolver, serial number 18924;

y. One Inert Facsimile Grenade;

z. Springfield Armory Champion, .45 caliber pistol with one empty magazine, serial number N480948;

aa. High Standard Derringer D-100, .22 caliber pistol, serial number 2169503;

bb. Rossi, .38 Special Revolver, serial number D620120;

cc. Smith & Wesson, .38 caliber pistol, serial number 11296;

    dd.    Kimber Ultra Carry II, .45 caliber pistol with one empty magazine, serial number KU42880;

    ee.    Springfield Armory model 1911 Champion, .45 caliber pistol with one empty magazine, serial number NM139014;

    ff.    One Black Stun Blaster Taser;

    gg.    Miscellaneous rounds of ammunition and magazines;

    hh.    Miscellaneous holsters and accessories; and

    ii.    Approximately eight knives.

We, the jury, find that the government has established, by a preponderance of the evidence, that the property identified above is property acquired, maintained, or derived from the proceeds or profits of the racketeering enterprise or the racketeering activities charged in Counts One or Two of the Third Superseding Indictment.

    Yes _____

    No _____

_____                                                _____
DATE                                                                       FOREPERSON

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Crim. No. 99-10371-DJC |
| v. ) | |
| JAMES J. BULGER, ) | |
| Defendant. ) | |

## SPECIAL VERDICT

We, the jury, return the following special verdict as to the following property:

1. **All items seized from 1012 Third Street, Apartment 303, Santa Monica, California, including, but not limited to, all jewelry, electronics, art, furniture, household items, clothing, personal effects, and any and all other personal property.**

We, the jury, find that the government has established, by a preponderance of the evidence, that the property identified above is property acquired, maintained, or derived from the proceeds or profits of the racketeering enterprise or the racketeering activities charged in Counts One or Two of the Third Superseding Indictment.

Yes _____

No _____

_____                                    _____
DATE                                                                      FOREPERSON