```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
                                    )
UNITED STATES OF AMERICA            )
                                    )
V.                                  )      NO.  99-CR-10371-DJC
                                    )
JAMES J. BULGER                     )
                                    )
```

# DEFENDANT'S MOTION FOR JURY INSTRUCTION ON ACCESSORY AFTER THE FACT

The defendant, James J. Bulger, moves that this Court instruct the jury regarding Massachusetts law regarding liability as an "accessory after the fact." The defendant is charged with nineteen racketeering acts alleging murder. The indictment alleges that the defendant either committed the murders or conspired in the commission of the murders. With regards to several of the alleged murders, the evidence at trial, when viewed in a light most favorable to the defendant, has shown at best that the defendant was an accessory to the murder after the fact. The defendant is not charged with being an accessory after the fact as to any of these murders.

The jury cannot convict the defendant of murder if they find only that he was an accessory after the fact to murder. The two offenses are distinct under Massachusetts law. See M.G.L.c. 265, s. 1 ("Murder defined"); M.G.L.c. 274, s. 4 ("Accessories after fact; punishment; relationship as defence; cross-examination; impeachment"). They consist of different elements

1

and carry significantly different punishments. Murder is punishable by life imprisonment whereas being an accessory after the fact – even to murder – carries a maximum sentence of seven years in state prison. See Id. This contrasts sharply with joint venturers who are liable to the same degree as any principal. See M.G.L.c. 274, s. 2 ("Whoever aids in the commission of a felony, or is accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed, shall be punished in the manner provided for the punishment of the principal felon").

The separateness of murder and accessory after the fact to murder is further supported by the Model Jury Instructions on Homicide promulgated by the Supreme Judicial Court in March 2013.[1] The instructions are a comprehensive roadmap to the law relating to murder, including where there is evidence of joint venture. The instruction on joint venture sets forth several scenarios whereby a participant may be liable for murder but none apply to a person offering assistance after the fact.[2] The

---

[1] Available at http://www.mass.gov/courts/sjc/model-jury-instructions-homicide.html.

[2] Id. at 13-14. ("Such knowing participation by the defendant may take many forms. It may take the form of personally committing the acts that constitute the crime, or of aiding or assisting another in those acts. It may take the form of the defendant asking or encouraging another person to commit the crime, or of helping to plan the commission of the crime.  Alternatively, it may take the form of the defendant agreeing to stand by at, or near, the scene of the crime to act as a lookout, or to provide aid or assistance in committing the crime, or in escaping, if such help becomes necessary. An agreement to help if needed does not need to be made through a formal or explicit written or oral advance plan or agreement; it is enough if the defendant and at least one other person consciously acted together before or

2

reason is that an accessory after the fact is guilty of a separate offense, as defined by M.G.L.c. 274, s. 4, and not as a joint venturer.

For these reasons, the defendant requests that the Court provide the jury with the following instruction:

To find the defendant guilty of any of the alleged acts of racketeering involving murders that occurred in Massachusetts, you must find beyond a reasonable doubt that the defendant committed murder as defined by Massachusetts law. I have already instructed you on the relevant law as it relates to murder, conspiracy and joint venture.

It is insufficient to convict the defendant of murder under Massachusetts law if you find only that he acted as an accessory after the fact to murder. An accessory after the fact is someone that, after the commission of a felony, harbors, conceals, maintains or assists the principal felon (or a person who was an accessory before the fact), or gives such offender any other aid, knowing that he has committed a felony (or has been an accessory thereto before the fact), with intent that he shall avoid or escape detention, arrest, trial or punishment. I instruct you as a matter of law that murder is a felony.

You may not convict the defendant of a particular murder solely because you have determined that he acted as an accessory after the fact. If you find that the defendant neither committed the murder not conspired in the commission of the murder, you must acquit him of that murder.

                              JAMES J. BULGER

                              By His Attorneys,

                              CARNEY & BASSIL

                              */s/ J. W. Carney, Jr.*
                              J. W. Carney, Jr.
                              B.B.O. # 074760

---

during the crime with the intent of making the crime succeed.")(footnotes omitted)(emphasis added).

*Henry B. Brennan*
Henry B. Brennan
B.B.O. # 634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: July 30, 2013

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.