UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| V. | ) ) | NO. 99-CR-10371-DJC |
| JAMES J. BULGER | ) ) | |

# DEFENDANT'S MOTION TO ADMIT PRIOR DEPOSITION TESTIMONY OF MICHELLE DAVIS

The defendant, James J. Bulger, moves to admit statements of Michelle Davis made during the government's deposition of Ms. Davis in Estate of Davis v. United States. Michelle Davis was the younger sister of alleged victim Debra Davis. When deposed by the government in Estate of Davis, Michelle Davis testified to being molested by key government witness Stephen Flemmi over a period of eight to nine years. This testimony is necessary to impeach Flemmi's testimony in the case at bar. The defendant's constitutional right to present a complete defense and the interests of justice call for its admission. This evidence is also admissible under Federal Rule of Evidence 804(b)(1), which carves out a hearsay exception for former testimony of an unavailable witness.

**Trial Testimony of Stephen Flemmi in the Instant Proceedings**

On July 23, 2013, the following exchange occurred between defense counsel and government witness Stephen Flemmi:

Q. Debbie Davis had a younger sister, didn't she?
A. Michelle.

1

Q. And Michelle Davis, she died from an overdose in 2006. Did you know that?
A. I heard that.
Q. Michelle Davis was how many years younger than Debbie Davis?
A. I don't know. I'm not certain.
Q. And Michelle Davis, Debbie Davis' younger sister, you had a, as you would call, a sexual relationship with her too, didn't you?
A. Absolutely not.
Q. That didn't happen?
A. Of course not. She would have been the first one to admit it.
Q. What do you mean, she'd be the first one to admit it?
A. Well, if she was asked about that.
Q. Do you want me to show you what she said?
A. Yeah. I'd like to hear that.
MR. WYSHAK: Objection. It's hearsay, your Honor.
THE COURT: Yes, sustained, sustained. Sustained.

The transcript of this testimony is attached hereto as "Exhibit A."

## Prior Deposition Testimony of Michelle Davis

Michelle Davis was deposed by the federal government on April 14, 2005 relative to a civil tort suit lodged against the government by the estate of Debra Davis. In this deposition, the government repeatedly questioned Michelle Davis regarding her molestation by Stephen Flemmi. In sum, Michelle Davis testified that Flemmi molested her for more than eight years. The government inquired into the circumstances surrounding this molestation and elicited many details of this non-consensual relationship from Ms. Davis. The relevant excerpts of this transcript are attached hereto as "Exhibit B."

**Argument**

**I.   The Defendant's Constitutional Right to Present a Complete Defense Trumps the Rule Against Hearsay Under the Given Circumstances**

"Whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a 'meaningful opportunity to present a complete defense.'" Brown v. Ruane, 630 F.3d 62, 71 (1st Cir. 2011) (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986)). This right is "a fundamental element of due process of law." Id. at 72 (quoting Washington v. Texas, 388 U.S. 14, 19 (1967)). Thus, any restrictions on a criminal defendant's right to present evidence "may not be arbitrary or disproportionate to the purposes they are designed to serve." White v. Coplan, 399 F.3d 18, 24 (1st Cir. 2005) (quoting Michigan v. Lucas, 500 U.S. 145, 151 (1991)). "Even a generally defensible rule of evidence may be applied so as to produce an unconstitutional infringement." Brown, 630 F.3d at 72 (citing White, 399 F.3d at 24.

The rule against hearsay is concerned primarily with the reliability of evidence. Santiago v. O'Brien, 628 F.3d 30, 34 (1st Cir. 2010). Nevertheless, "exceptions tailored to allow the introduction of evidence which in fact is likely to be trustworthy have long existed." Chambers v. Mississippi, 410

3

U.S. 284, 302 (1973). Under certain circumstances, it is "consonant with both the interests of justice and the Federal Rules' general purposes" to allow hearsay evidence. United States v. Zannino, 895 F.2d 1, 8 (1st Cir. 1990).

Employing the rule against hearsay to exclude Michelle Davis's deposition testimony regarding her molestation by Stephen Flemmi would be a disproportionate application of this rule that would work to violate the defendant's right to present a complete defense. The rule against hearsay was designed to guard against the admission of unreliable evidence. Such unreliable evidence, however, has already been put before the jury through the testimony of Flemmi. Under oath, Flemmi denied having any kind of sexual relationship with Michelle Davis and asserted to the jury that Michelle Davis would have been the first person to admit the existence of a relationship of this nature. The admission of Michelle Davis's deposition testimony alleging sexual abuse by Flemmi is necessary to counteract Flemmi's misleading assertions. Without it, the jury is left with the false impression that Michelle Davis never accused Flemmi of molesting her. It would be a perverse application of the hearsay rule to exclude evidence that would have this corrective effect.

Because Michelle Davis is deceased, introducing her deposition testimony is the only means by which the defense can

4

neutralize the false impression given by Flemmi's testimony. Excluding this evidence is therefore tantamount to excluding any impeachment evidence on this point. The government has already had the unfettered opportunity to question Michelle Davis on this issue and test the truthfulness of her statements. She was deposed by the government as an adverse party in Estate of Davis. The government questioned her at length regarding her relationship with Flemmi, free from the strictures of the rules of evidence. The deposition transcript reflects these questions and Michelle Davis's responses. It will allow the jury to sufficiently assess her credibility. That the government cannot cross-examine Michelle Davis at this trial consequently fails to provide any reason to exclude her deposition testimony from being introduced into evidence.

Allowing Flemmi's misleading testimony to remain unchecked due to the rule against hearsay would restrict the defendant from presenting important impeachment evidence, thereby violating his right to present a complete defense. Flemmi is a percipient witness whose testimony has directly implicated the defendant in a number of the charged crimes. His reliability is central to this case. The jury is tasked with weighing Flemmi's credibility and should not be deprived a meaningful piece of evidence that would allow them to more effectively carry out this charge. Moreover, in the presence of the jury, Flemmi

5

boldly invited the defendant to introduce this evidence. On these particular facts, it would run contrary to the interests of justice and the ends of the hearsay rule to prohibit the defendant from introducing the deposition testimony of Michelle Davis.

### II. The Deposition Testimony of Michelle Davis is Also Admissible Under the Former Testimony Exception to the Hearsay Rule

Federal Rule of Evidence 804(b)(1) permits the introduction into evidence of former deposition testimony under certain circumstances. Specifically, "former testimony is not excluded by the hearsay prohibition if the declarant is unavailable as a witness and 'the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony.'" Trigones v. Bissonnette, 296 F.3d 1, 7 (1st Cir. 2002) (quoting Fed.R.Evid. 804(b)(1)). "This exception's roots are deeply embedded in American jurisprudence." United States v. McKeeve, 131 F.3d 1, 9 (1st Cir. 1997). The plain language of this Rule includes testimony given at a "lawful deposition," and the First Circuit has made clear that "[t]he party against whom the prior testimony is offered must have had a *similar*, not necessarily an *identical*, motive to develop the adverse testimony in the prior proceeding." United States v. Lombard, 72 F.3d 170, 188 (1st Cir. 1995) (emphasis in original).

The prior deposition testimony of Michelle Davis is

6

admissible under this Rule. There is no question that Michelle Davis is deceased and unavailable to testify. There is also no question that her prior testimony in Estate of Davis was a "lawful deposition." As the party taking Michelle Davis's deposition, the government had ample opportunity to develop her testimony. The government exercised that opportunity to test the truthfulness of her allegations of molestation against Flemmi. Its motive in that line of deposition questioning would therefore be similar to its motive in questioning her at this trial on this issue. The government was facing substantial monetary damages and the stigma of being found liable for the wrongful death of Debra Davis. It had every reason to endeavor to determine whether or not Michelle Davis was giving truthful testimony. If Michelle Davis took the witness stand in the case at bar and repeated her accusations against Flemmi, the government would similarly try to test the reliability of her testimony in an attempt to rehabilitate the credibility of one of its essential witnesses. Accordingly, the requirements of Rule 804(b)(1) have been met, and the former testimony of Michelle Davis may properly be admitted into evidence.

    For these reasons, the defendant asks that this motion be allowed.

James J. Bulger,
By His Attorneys

CARNEY & BASSIL

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Henry B. Brennan*
Henry B. Brennan
B.B.O. #634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: July 30, 2013

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| V. | ) ) | NO.  99-CR-10371-DJC |
| JAMES J. BULGER | ) ) ) | |

## AFFIDAVIT SUPPORTING DEFENDANT'S MOTION TO ADMIT PRIOR DEPOSITION TESTIMONY OF MICHELLE DAVIS

I, J. W. Carney, Jr., state that the facts contained in the attached motion are true to the best of my information and belief.

Signed under the penalties of perjury.

*J. W. Carney, Jr.*
J. W. Carney, Jr.

Dated: June 30, 2013

9