UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 99-10371-DJC |
| ) | |
| JAMES J. BULGER, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO ADMIT HEARSAY DEPOSITION TESTIMONY OF MICHELLE DAVIS**

The government opposes defendant's recently filed motion to admit deposition testimony of Michelle Davis (ECF Dkt.No.1245). Claiming that "the defendant's Constitutional right to present a complete defense trumps the rule against hearsay" (heading on p.3), defense counsel now attempt to present hearsay evidence on a collateral, extrinsic matter.

Neither the Constitution nor the Federal Rules of Evidence permit a defendant to introduce evidence regarding facts which are not of consequence to the case. FED. R. EVID. 401; United States v. Snow, 670 F.2d 749, 752 (7th Cir. 1981). Moreover, evidence should be excluded when it will confuse the issues, mislead the jury, and waste time. FED. R. EVID. 403; United States v. St. Pierre, 599 F.3d 19, 23 (1st Cir. 2010); United States v. Brown, 500 F.3d 48, 58 (1st Cir. 2007).

As previously discussed at length during this trial, evidence should be excluded under Fed. R. Evid 608(b) when it is offered as extrinsic evidence to impeach another witness on a

1

collateral matter that is not logically relevant to the merits of the case.  United States v. Catalan-Roman, 585 F.3d 453, 469 (1st Cir. 2009); United States v. Beauchamp, 986 F.2d 1, 3-4 (1st Cir. 1993).  First Circuit case law clearly bars witness testimony offered simply to impeach the credibility of another witness.  United States v. Perez-Perez, 72 F.3d 224, 227 (1st Cir. 1995) (finding the district court did not err in refusing to permit defense to offer witness testimony to impeach the credibility of a government witness based solely on extrinsic evidence); United States v. Gomes, 177 F.3d 76, 81 (1st Cir. 1999) ("Extrinsic evidence of specific bad acts is not admissible to show truthfulness (citing Fed. R. Evid. 608 (b))…or to contradict the witness on a collateral matter").

Accordingly, the government respectfully requests that the Court deny defendant's motion to introduce the deposition testimony of Michelle Davis.

        Respectfully submitted,

        CARMEN M. ORTIZ
        United States Attorney

Date: July 30, 2013          By:  */s/ Brian T. Kelly*_____
        BRIAN T. KELLY
        FRED M. WYSHAK, JR.
        ZACHARY R. HAFER
        Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 30, 2013.

/s/ *Brian T. Kelly*
Brian T. Kelly
Assistant U.S. Attorney