# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| **UNITED STATES** | ) |  |
|  | ) |  |
| **v.** | ) | **Crim. Action No. 99-10371-DJC** |
|  | ) |  |
| **JAMES J. BULGER** | ) |  |
|  | ) |  |
| | ) |  |

_____

## CHART OF ELEMENTS OF OFFENSES AND RACKETEERING ACTS CHARGED

**COUNT 1:   Racketeering Conspiracy**
18 U.S.C. § 1962(d)

Elements:

1.   That the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit the crime (alleged to be racketeering); and

2.   That the defendant willfully joined in this agreement.

**COUNT 2:   Racketeering:  Substantive Offense**
18 U.S.C. § 1962(c)

Elements:

1.   That an enterprise existed as alleged in the indictment;

2.   That the enterprise affected interstate or foreign commerce;

3.   That the defendant was associated with or employed by the enterprise;

4.   That the defendant engaged in a pattern of racketeering activity; and

5.   That the defendant conducted or participated in the conduct of the enterprise through that pattern of racketeering activity.

**RACKETEERING ACT NO. 1:**
Conspiracy to Murder Members of the Notorangeli Group
Mass. Gen. Laws c. 274, § 7; c. 265, § 1

Elements:

1. That the defendant joined in an agreement or plan with one or more other persons;

2. That the purpose of the agreement was to commit murder; and

3. That the defendant joined the conspiracy knowing of the unlawful plan and intending to help carry it out.

**RACKETEERING ACT NO. 2:**
Murder of Michael Milano
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 3:**
Murder of Al Plummer
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 4:**
Murder of William O'Brien
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 5:**
Murder of James O'Toole
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 6:**
Murder of Al Notorangeli
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 7A:**
Conspiracy to Murder James Sousa
Mass. Gen. Laws c. 274, § 7; c. 265, § 1

Elements:

1. That the defendant joined in an agreement or plan with one or more other persons;

2. That the purpose of the agreement was to commit murder; and

3. That the defendant joined the conspiracy knowing of the unlawful plan and intending to help carry it out.

**RACKETEERING ACT NO. 7B:**
Murder of James Sousa
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 8:**
Murder of Paul McGonagle
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 9:**
Murder of Edward Connors
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 10A:**
Conspiracy to Murder Thomas King
Mass. Gen. Laws c. 274, § 7; c. 265, § 1

Elements:

1. That the defendant joined in an agreement or plan with one or more other persons;

2. That the purpose of the agreement was to commit murder; and

3. That the defendant joined the conspiracy knowing of the unlawful plan and intending to help carry it out.

**RACKETEERING ACT NO. 10B:**
Murder of Thomas King
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 11:**
Murder of Francis "Buddy" Leonard
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 12:**
Murder of Richard Castucci
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 13A:**
Conspiracy to Murder Roger Wheeler
Mass. Gen. Laws c. 274, § 7; c. 265, § 1

Elements:

1. That the defendant joined in an agreement or plan with one or more other persons;

2. That the purpose of the agreement was to commit murder; and

3. That the defendant joined the conspiracy knowing of the unlawful plan and intending to help carry it out.

**RACKETEERING ACT NO. 13B:**
Murder of Roger Wheeler
Okla. Stat. Ann. tit. 21, § 701.7; tit. 22, § 432

Elements:

1. The death of a human;

2. The death was unlawful;

3. The death was caused by the defendant; and

4. The death was caused with malice aforethought.

Or, alternatively, the defendant aided or abetted the crime of murder.

**RACKETEERING ACT NO. 14:**
Murder of Debra Davis
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1.  The defendant caused the death of the victim;

2.  The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3.  The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 15:**
Murder of Brian Halloran
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1.  The defendant caused the death of the victim;

2.  The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3.  The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 16:**
Murder of Michael Donahue
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1.  The defendant caused the death of the victim;

2.  The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3.  The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 17A:**
Conspiracy to Murder John Callahan
Mass. Gen. Laws c. 274, § 7; c. 265, § 1

Elements:

1.  That the defendant joined in an agreement or plan with one or more other persons;

2.  That the purpose of the agreement was to commit murder; and

3.  That the defendant joined the conspiracy knowing of the unlawful plan and intending to help carry it out.

**RACKETEERING ACT NO. 17B:**
Murder of John Callahan
§ 782.04(1)(a), Fla. Stat.; § 777.011 Fla. Stat.

Elements:

1.  The victim is dead;

2.  The death was caused by the criminal act of the defendant; and

3.  There was a premeditated killing of the victim.

Or, alternatively, the defendant aided or abetted the criminal offense of murder.

**RACKETEERING ACT NO. 18:**
Murder of Arthur "Bucky" Barrett
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1.  The defendant caused the death of the victim;

2.  The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3.  The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 19:**
Murder of John McIntyre
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 20:**
Murder of Deborah Hussey
Mass. Gen. Laws c. 265, § 1; c. 274, § 2

Elements:

1. The defendant caused the death of the victim;

2. The defendant intended to kill the victim, that is, the defendant consciously and purposefully intended to cause the victim's death; and

3. The defendant committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

Or, if the defendant did not himself perform the act that caused the victim's death, the defendant knowingly participated in the commission of the murder and did so with the intent to commit the crime; or aided in the commission of the crime or was accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 21:**
Extortion Conspiracy:  "Rent"
18 U.S.C. § 1951

Elements:

1.  That the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit the crime (alleged to be extortion); and

2.  That the defendant willfully joined in this agreement.

**RACKETEERING ACT NO. 22:**
Extortion of Richard O'Brien
18 U.S.C. § 1951; 18 U.S.C. § 2

Elements:

1.  That the defendant knowingly and willfully obtained property from a person;

2.  That the defendant did so by means of extortion;

3.  That the defendant knew that the person extorted parted with the property because of the extortion; and

4.  That the extortion affected commerce.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**RACKETEERING ACT NO. 23:**
Extortion of Kevin Hayes
18 U.S.C. §§ 1951, 2

Elements:

1. That the defendant knowingly and willfully obtained property from a person;

2. That the defendant did so by means of extortion;

3. That the defendant knew that the person extorted parted with the property because of the extortion; and

4. That the extortion affected commerce.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**RACKETEERING ACT NO. 24:**
Extortion Conspiracy: "Fines"
18 U.S.C. § 1951

Elements:

1. That the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit the crime (alleged to be extortion); and

2. That the defendant willfully joined in this agreement.

**RACKETEERING ACT NO. 25:**
Extortion of Michael Solimando
18 U.S.C. §§ 1951, 2

Elements:

1. That the defendant knowingly and willfully obtained property from a person;

2. That the defendant did so by means of extortion;

3. That the defendant knew that the person extorted parted with the property because of the extortion; and

4. That the extortion affected commerce.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.


**RACKETEERING ACT NO. 26:**
Extortion of Stephen Rakes and Julie Rakes
18 U.S.C. §§ 1951, 2

Elements:

1. That the defendant knowingly and willfully obtained property from a person;

2. That the defendant did so by means of extortion;

3. That the defendant knew that the person extorted parted with the property because of the extortion; and

4. That the extortion affected commerce.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**RACKETEERING ACT NO. 27:**
Extortion of Richard Bucheri
18 U.S.C. §§ 1951, 2

Elements:

1. That the defendant knowingly and willfully obtained property from a person;

2. That the defendant did so by means of extortion;

3. That the defendant knew that the person extorted parted with the property because of the extortion; and

4. That the extortion affected commerce.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**RACKETEERING ACT NO. 28:**
Extortion of Raymond Slinger
Mass. Gen. Laws c. 265, § 25; c. 274 § 2

Elements:

1. That the defendant made a malicious threat;

2. To Raymond Slinger;

3. To injure Raymond Slinger's person or property; and

4. With intent to extort money.

Or, alternatively, that the defendant aided another person(s) in the commission of the crime or was an accessory thereto before the fact by counselling, hiring or otherwise procuring such felony to be committed.

**RACKETEERING ACT NO. 29:**
Narcotics Distribution Conspiracy
21 U.S.C. § 846

Elements:

1. That the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute or to possess with intent to distribute cocaine, or marijuana, or both drugs; and

2. That the defendant willfully joined in that agreement;

**RACKETEERING ACT NO. 30:**
(Concealment) Money Laundering Conspiracy
18 U.S.C. §§ 1951, 1956(h); 21 U.S.C. § 841(a)(1)
Mass. Gen. Laws c. 265, § 25

Elements:

1. That the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit money laundering; and

2. That the defendant willfully joined in that agreement.

**RACKETEERING ACT NO. 31:**
(Concealment) Money Laundering
(Sale of 295 Old Colony Ave., South Boston, Massachusetts)
18 U.S.C. §§ 1951, 1956(a)(1)(B)(i), 2;  21 U.S.C. § 841(a)(1)
Mass. Gen. Laws c. 265, § 25

Elements:

1. That the defendant entered into a financial transaction or transactions, on or about the date alleged;

2. That the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of extortion and the distribution of narcotics and controlled substances;

3. That the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

4. That the defendant knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**RACKETEERING ACT NO. 32(A):**
(Concealment) Money Laundering
(Sale of 295 Old Colony Ave., South Boston, Massachusetts)
18 U.S.C. §§ 1951, 1956(a)(1)(B)(i), 2; 21 U.S.C. § 841(a)(1);
Mass. Gen. Laws c. 265, § 25

Elements:

1. That the defendant entered into a financial transaction or transactions, on or about the date alleged;

2. That the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of extortion and the distribution of narcotics and controlled substances;

3. That the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

4. That the defendant knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**RACKETEERING ACTS NO. 32(B) – 32(PPP):**
(Concealment) Money Laundering (Mortgage Payments)
18 U.S.C. §§ 1951, 1956(a)(1)(B)(i), 2; 21 U.S.C. § 841(a)(1);
Mass. Gen. Laws c. 265, § 25

Elements:

1. That the defendant entered into a financial transaction or transactions, on or about the date alleged;

2. That the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of extortion and the distribution of narcotics and controlled substances;

3. That the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

4. That the defendant knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**RACKETEERING ACT NO. 33:**
(Concealment or Promotion) Money Laundering
(Transfer of $10,000 to John Martorano)
18 U.S.C. §§ 1951, 1956(a)(1)(B)(i), 1956(a)(1)(A)(i), 2;  21 U.S.C. § 841(a)(1)
Mass. Gen. Laws c. 265, § 25

Elements:

1. That the defendant entered into a financial transaction or transactions, on or about the date alleged;

2. That the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of extortion and the distribution of narcotics and controlled substances;

3. That the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

4. That the defendant knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

-OR-

1. That the defendant entered into a financial transaction or transactions, on or about the date alleged;

2. That the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of extortion and the distribution of narcotics and controlled substances;

3. That the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

4. That the defendant entered into the transaction or transactions with the intent to promote the carrying on of the specified unlawful activities.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**COUNT 3:**   **Extortion Conspiracy:  Rent**
18 U.S.C. § 1951

Elements:

1. That the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit extortion; and

2. That the defendant willfully joined in that agreement.

**COUNT 4:**   **Extortion of Kevin Hayes**
18 U.S.C. §§ 1951, 2

Elements:

1. That the defendant knowingly and willfully obtained property from a person;

2. That the defendant did so by means of extortion;

3. That the defendant knew that the person extorted parted with the property because of the extortion; and

4. That the extortion affected commerce.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**COUNT 5:**   **(Concealment) Money Laundering Conspiracy**
18 U.S.C. §§ 1951, 1956(h)
Mass. Gen. Laws, c. 265, § 25
21 U.S.C. § 841(a)(1)

Elements:

1. That the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit money laundering; and

2. That the defendant willfully joined in that agreement.

**COUNTS 6 – 26:  (Concealment) Money Laundering (Mortgage Payments)**
18 U.S.C. §§ 1956(a)(1)(B)(i); 2

Elements:

1.  That the defendant entered into a financial transaction or transactions, on or about the date alleged;

2.  That the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of extortion and the distribution of narcotics and controlled substances;

3.  That the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

4.  That the defendant knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**COUNT 27:   (Concealment or Promotion) Money Laundering**
**(Transfer of $10,000 to John Martorano))**
18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(a)(1)(A)(i), 2

Elements:

1.   That the defendant entered into a financial transaction or transactions, on or about the date alleged;

2.   That the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of extortion and the distribution of narcotics and controlled substances;

3.   That the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

4.   That the defendant knew that the transaction or transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of that specified unlawful activity.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

-OR-

1.   That the defendant entered into a financial transaction or transactions, on or about the date alleged;

2.   That the transaction involved the use of proceeds of unlawful activities, specifically, proceeds of extortion and the distribution of narcotics and controlled substances;

3.   That the defendant knew that these were the proceeds of some kind of crime that amounts to a state or federal felony; and

4.   That the defendant entered into the transaction or transactions with the intent to promote the carrying on of the specified unlawful activities.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**COUNT 39:   Possession of Firearms in Furtherance of Violent Crime**
18 U.S.C. §§ 924(c); 2

Elements:

1.  That the defendant committed at least one crime of violence, specifically either Count One or Count Two of the Indictment; and

2.  That the defendant knowingly possessed a firearm in furtherance of the commission of that crime.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**COUNT 40:   Possession of Machineguns in Furtherance of Violent Crime**
18 U.S.C. §§ 924(c); 2
Elements:

1.  That the defendant committed at least one crime of violence, specifically either Count One or Count Two of the Indictment; and

2.  That the defendant knowingly possessed a machinegun in furtherance of the commission of that crime.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**COUNT 42:**   **Possession of Unregistered Machineguns**
26 U.S.C. §§ 5841, 5845(a), 5861(d), 5871
18 U.S.C. § 2

Elements:

1. The defendant knew that he possessed one of the firearms described in Count 42;

2. The firearm was a machine gun;

3. The firearm possessed was capable of operating as it was designed or could readily be put in operating condition;

4. The defendant knew of the characteristics of the firearm as described in the indictment (i.e., that it was a machinegun); and

5. The firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**COUNT 45:**   **Transfer and Possession of Machineguns**
18 U.S.C. §§ 922(o); 2

Elements:

1. That the defendant transferred or possessed a firearm as described in the indictment;

2. That the firearm the defendant transferred or possessed was a machinegun; and

3. That the defendant acted knowingly.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.

**COUNT 48:   Possession of Firearms with Obliterated Serial Numbers**
            18 U.S.C. § 922(k)

Elements:

1.   That defendant knowingly possessed a firearm described in the Indictment;

2.   That the serial number was removed, obliterated or altered at the time the defendant possessed the firearm; and

3.   That the firearm was connected with interstate or foreign commerce. This means that the firearm, at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while the defendant possessed the firearm.

Or, alternatively, that the defendant aided and abetted another person(s) in committing this crime.